FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

**ORIGINAL** ★

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

CV 03 5527

LONG ISLAND OFFICE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JAMES E. FLAHERTY, individually and in his capacities as:

   (1)   Managing Owner of F/V SHANNON KATHLEEN,
        A a United States vessel with valid, Current
        Certificate of Documentation Issued by U. S
        Department of Transportation.

   (2)   As Mortgagee d. b. a. F/V SHANNON KATHLEEN,
        indebted to UNITED STATES OF AMERICA, by and
        through its agency, the United States Small Business
        Administration, (SBA), which issued an SBA Disaster
        Loan to Plaintiff FLAHERTY, d. b. a. F/V SHANNON
        KATHLEEN

   (3)   On behalf of the United States Small Business
        Administration, as Managing Owner of F/V SHANNON
        KATHLEEN, & SBA & Mortgagee

UNITED STATES OF AMERICA, (USA), d.b.a. UNITED STATES SMALL
      BUSINESS ADMINISTRATION, (SBA),  in its capacity as Fed. R.
      Civ. P. Rule 19(a) Involuntary Plaintiff, subject to official Joinder
      by Order of the Court, on grounds that:

   (1)   SBA has claimed interest in F/V SHANNON KATHLEEN
   (2)   Disposition in SBA absence may impede ability to protect
        interests of SBA
   (3)   Leave parties liable to substantial risk of incurring double,
        multiple or inconsistent obligations

                            **Plaintiffs,**

   -against-

COSTELLO MARINE CONTRACTING CORP, d. b. at
      425 5th St, Greenport N. Y. 11944
JOHN COSTELLO, individually, and in his capacity as
      officer and employee of COSTELLO MARINE CONTR-
      ACTING CORP, d. b. at 425 5th St, Greenport N. Y. ,11944
JAMES COSTELLO JOHN COSTELLO, individually, and as CRANE
      OPERATOR & employee of COSTELLO MARINE CONRACTING
      CORP, d. b. at 425 5th St, Greenport N. Y. ,11944
PARTY CONCEPTS, as Corporate Defendant, and
      in its official capacity as EEOC administrative
      Respondent, to Plaintiff's EEOC Charge #160A301422
RICHARD SOKOLOFF ESQ., individually and in his
      capacity as Attorney for BROOKHAVEN
      ANESTHESIA ASSOCIATES LLP.
BROOKHAVEN  ANESTHESIA ASSOCIATES LLP
NORTH FORK BANK & TRUST/NORTH FORK BANK CORP,
      a. k. a. "THE NORTH FORK BANK ENTERPRISE"
                 **Defendants,**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**COMPLAINT**

**Related USDC EDNY
Civil Action No.**

**SPATT, J.**

**WALL, M.J.**

**JURY TRIAL
DEMANDED**

1

## INTRODUCTORY STATEMENT RELEVANT TO INVOLUNTARY PLAINTIFF

1.   At all relevant Plaintiff JAMES E. FLAHERTY is the Managing Owner of F/V SHANNON KATHLEEN, a United States fishing vessel was reflected in said vessel's valid, Current Certificate of Documentation Issued by the United States Department of Transportation.  (EXHIBIT G)

2.   At all relevant times Plaintiff was a Mortgagor d. b. a. F/V SHANNON KATHLEEN, who as reflected by the Current Certificate of Documentation Issued by the United States Department of Transportation, to Plaintiff's fishing vessel F/V SHANNON KATHLEEN.

3.   At all relevant times Plaintiff was indebted to UNITED STATES OF AMERICA, by and through its agency the United States Small Business Administration, (SBA), which issued an SBA Disaster Loan to Plaintiff FLAHERTY, d. b. a. F/V SHANNON KATHLEEN

4.   By information and belief, the UNITED STATES OF AMERICA, pursuant to Fed. R. Civ. P. Rule 19(a) qualifies as an Involuntary Plaintiff, subject to official Joinder by Order of the Court, on grounds that:

    (a)   SBA has claimed interest in F/V SHANNON KATHLEEN

    (b)   Disposition in SBA absence may impede ability to protect interests of SBA

    (c)   Leave parties liable to substantial risk of incurring double,

5.   On July 26, 2000 Plaintiff, while employed, was involved in a serious MVA, in which Plaintiff received a serious head injury was comatose, with crania hematoma, airlifted to Stony Brook University Hospital, and remained Comatose for several weeks.

6.   Involuntary Plaintiff United States of America has declared Plaintiff to be a disabled person due to 7/26/00 MVA, effective 11/7/01.

7.   In or about the time of 1999-2000 insecticide pesticides caused a disaster in the Long Island Lobster industry, (see: FOX v. CHEMINOVA, INC., CV-00-5145, EDNY)

8.      By information and belief, pursuant to the provisions of the United States Code, Plaintiff FLAHERTY is entitled to reasonable consideration, - - -by the SBA and this Court, - - -of up to five years grace period from in SBA loan obligations, effective at least on date of 7/26/00 MVA, and/or alternatively effective on the 11/7/01 date that the United States of America has declared Plaintiff to be a disabled person.

9.      By information and belief, pursuant to the provisions of the United States Code, Plaintiff FLAHERTY is entitled to reasonable consideration, - - -by the SBA and this Court, - - -of up to five years grace period from in SBA loan obligations, effective at least on date of 1999-2000 insecticide pesticides caused a disaster in the Long Island Lobster industry, (see: <u>FOX v. CHEMINOVA, INC.</u>, CV-00-5145, EDNY).

10.     By information and belief, the intentional malicious acts of Defendants,

   (a)   Defendants COSTELLO MARINE CONRACTING CORP., d. b. at 425 5th St, Greenport N. Y. 11944, (hereinafter COSTELLO MARINE).

   (b)   JOHN COSTELLO, individually, and in his capacity as officer and employee of COSTELLO MARINE CONTRACTING CORP, d. b. at 425 5th St, Greenport N. Y., 11944, (hereinafter JOHN COSTELLO),

   (c)   JAMES COSTELLO JOHN COSTELLO, individually, and as CRANE OPERATOR & employee of COSTELLO MARINE CONRACTING CORP, d. b. at 425 5th St, Greenport N. Y., 11944, (hereinafter J. COSTELLO, CRANE OPERATOR).

   (d)   BROOKHAVEN ANESTHESIA ASSOCIATES LLP

   (e)   RICHARD SOKOLOFF ESQ., individually and in his capacity as Attorney for BROOKHAVEN   ANESTHESIA ASSOCIATES LLP.

absent intervention of the U. S. District Court, have or will operate to abrogate Plaintiff FLAHERTY of any or all of his above referenced five years United States Code grace period.

11.     By information and belief, the negligent acts of Defendants,

   (a)   NORTH FORK BANK & TRUST/NORTH FORK BANK CORP, a. k. a. " THE NORTH FORK BANK ENTERPRISE"   (hereinafter NORTH FORK)

(b)   PARTY CONCEPTS, in its official capacity as EEOC administrative Respondent, to Plaintiff's EEOC Charge #160A301422, (hereinafter Party Concepts)

absent intervention of the U. S. District Court, have or will operate to abrogate Plaintiff FLAHERTY of any or all of his above referenced five years United States Code grace period.

## PRELIMINARY STATEMENT

12.   At all relevant Plaintiff JAMES E. FLAHERTY is the Managing Owner of F/V SHANNON KATHLEEN, a United States fishing vessel was reflected in said vessel's valid, Current Certificate of Documentation Issued by the United States Department of Transportation.

13.   For the past fifteen years, and at all relevant times the F/V SHANNON KATHLEEN, has been moored to Plaintiff's Riparian wharf, in situated at Smith's Creek, Hamlet of Hampton Bays, Town of Southampton, New York.   ( *EXHIBIT F* )

14.   On April 11, 2000, the F/V SHANNON KATHLEEN became partially submerged, due to vandalism, and water running into wet exhausts which were disconnected from GM 8V-71 engine, which was not in vessel at time because engine had been completely rebuilt, and there was a minor 10-15 gallon oil spill to which the United States Coast Guard MOS (Oil Pollution Unit), responded. [GM 8V-71 engine was later scheduled to be re-installed in F/V SHANNON KATHLEEN, pending Plaintiff's recovery from his 7/26/00 injuries which caused Plaintiff's current disability].

15.   By FINAL U. S. COAST GUARD 12/23/00 MSO Report (Exhibit A), dated 12/13/03, (Lieutenant Dickerson), U. S. Coast Guard, subsequent to inspection, determined:

      a)   POLLUTION HAZARD MITIGATED,
      b)   VESSEL IS NOT A HAZARD TO NAVIGATION.,
      c)   RECOMMEND NO FURTHER ACTION

15.   By information and belief, the Doctrine of Federal Pre-emeption, makes Lt. DICKERSON's FINAL U. S. COAST GUARD 12/23/00 MSO Report, relevant to pollution hazard and hazard to navigation, makes his USCG MSO Report, (Exhibit A), binding over any state agency, including the Southampton Town Trustees (See Please: United States v. Locke, 529 U. S. 89, 120 S.Ct 1135, 2000).

4

16.    Thereafter in December, 2000, in contravention of the findings of Lt. Dickerson, the Southampton Town Trustees brought an action to remove the F/V SHANNON KATHLEEN from Southampton Town waters, in contravention of the findings of Lt. Dickerson's USCG MSO, Report, (Exhibit A), and subsequently the Hon. Patrick Henry, JSC, issued an EX PARTE ORDER, dated 12/17/02, (Exhibit B), which directed that the F/V SHANNON KATHLEEN be removed from Southampton Town waters

17.    Thereafter by Order date 2/27/03, the Hon. Denise F. Molia, JSC., (Exhibit C), directed that the EX PARTE ORDER, dated 12/17/02, (Exhibit B), Hon. Patrick Henry, JSC, be executed.

18.    As Plaintiff filed a Timely notice of Appeal of Judge Molias 2/27/03 Order, non party TOWN OF SOUTHAMPTON, and its agents, Defendant COSTELLO MARINE Defendant JOHN COSTELLO and Defendant J. COSTELLO, CRANE OPERATOR, had a clear unmitigated duty pursuant to CPLR 5519(4) to preserve the integrity of the F/V SHANNON KATHLEEN, and Plaintiff FLAHERTY had a duty to pay for the cost of removal which would be charged to the DEFENDANT by adding the cost of removal to the as an assessment on real property owned by Defendant, within the TOWN of SOUTHAMPTON.

19.    On September 25, 2003 Defendants COSTELLO MARINE, JOHN COSTELLO, and J. COSTELLO, CRANE OPERATOR, breached their duty under CPLR 5519(4) & DESTROYED, Plaintiff's vessel, F/V SHANNON KATHLEEN, in contravention of the HENRY & MOLIA Orders.

20.    In Order to mitigate damages, prior to the UNLAWFUL DESTRUCTION of the F/V SHANNON KATHLEEN, Plaintiff had discussed with several shipyards within the Town of Southampton, the possibility of hauling the F/V SHANNON KATHLEEN, for storage OUTSIDE OF SOUTHAMPTON TOWN WATERS, pending decision on appeal of the Hon. Denise F. Molia, JSC., Order (Exhibit C), which directed that the EX PARTE ORDER, dated 12/17/02 of Hon. Patrick Henry, JSC, (Exhibit B), be executed.

21.    At all relevant times, prior to the destruction of Plaintiff's vessel, F/V SHANNON KATHLEEN, Plaintiff JAMES E. FLAHERTY was awaiting the release of Plaintiff's

$2080.32 NORTH FORK bank balance which consisted solely of Plaintiff's 3/26/03

ALLSTATE, NO-FAULT disability Check, for $2080.32, which had been restrained by

Defendant SOKOLOFF, pursuant to CPLR 5222.

22.   By statute, Plaintiff FLAHERTY's ALLSTATE, NO-FAULT disability Checks,

in the amount of $2080.32, are EXEMPT FROM EXECUTION, pursuant to Article 32, §3212(c)

of the New York State Insurance Law.

23.   In prior papers, Dependent SOKOLOFF has admitted that

NORTH FORK bank balance which consists solely of Plaintiff's 3/26/03 ALLSTATE, NO-

FAULT disability Check, for $2080.32, which was restrained by Defendant SOKOLOFF,

pursuant to CPLR 5222, will be released, subsequent to payment to Defendant BROOKHAVEN

ANESTHESIA ASSOCIATES, LLP, of a bill for covered anesthesia services to Plaintiff, of

to approximately $640.00.

24.   On or about, August 12, 2003 and on or about April 24, 2003, Plaintiff

FLAHERTY gave notice to Defendant PARTY CONCEPTS, as Corporate Defendant, and in its

official capacity as EEOC Administrative Respondent, to Plaintiff's EEOC Charge #160A30142,

(hereinafter Defendant PARTY CONCEPTS), that Plaintiff's bill for $640.00 owed by Plaintiff

to Defendant BROOKHAVEN ANESTHESIA ASSOCIATES LLP, is covered by PARTY CONCEPTS

Employee Benefit Plan and is due and owing, and Defendant has not denied Plaintiff's Claim.

## RELEVANT STATUTES

25.   The legislative history of the United States Rehabilitation Act, (ADA), U. S.

Americans with Disabilities Act, (ADA), and Article 32, §3212(c)(1), of the New York State

Insurance Law reflects the fact that Congress enacted these laws to make certain the DIS-

BLED are reasonably accommodated. New York State Legislature's enactment of §3212(c)(1),

which EXEMPTS  Disability and LOSS OF TIME  insurance policy proceeds from creditors who

attempt to execute on Judgments, against the DISABLED, was intended to "REASONABLY

ACCOMMODATE" the DISABLED by protecting sanctity of LOSS OF TIME insurance proceeds.

26.     NO-FAULT LOSS-OF-TIME benefits, which are mandated by New York State NO-FAULT LAW to be paid to a <u>CLASS</u> of injured/disabled persons including Plaintiff is are payments in the nature of a FINANCIAL LIFE PRESERVER, TO ENABLE A VICTIM OF A MOTOR VEHICLE ACCIDENT, (MVA), to keep his head above water, for which reason, the New York State Legislature enacted <u>Article 32</u>, §32 12(c)(1), of the <u>New York State Insurance Law</u>, which EXEMPTS NO-FAULT LOSS-OF TIME PROCEEDS FROM EXECUTION, to protect disabled MVA VICTIM's fragile financial status, as status generally precludes availability of funds, to hire attorneys to enforce §32 12(c)(1), of the <u>New York State Insurance Law</u>, rights against immoral creditors and their attorneys, and associates, including SOKOLOFF ENTERPRISE.

27.     Congress intended for the ADA statute to protect the rights of the DISABLED, <u>INCLUDING PLAINTIFF</u>, by the reasonable ADA accommodation of state and FINANCIAL INSTITUTIONAL enforcement of §32 12(c)(1), of the <u>New York State Insurance Law</u>, which, by statute, with <u>NO EXCEPTIONS</u>, protects LOSS OF TIME INSURANCE PROCEEDS of the disabled, including Plaintiff's subject ALLSTATE <u>LOSS OF TIME CHECK</u>, (<u>Exhibit H</u>)|, which are on deposit in banks situated within the State of New York.

28.     The SOKOLOFF ENTERPRISE's FLEET & NORTH FORK "<u>FINANCIAL INSTITUTIONS</u>" Defendants, had a duty, a fiduciary duty, in nature of CONSTRUCTIVE TRUST, to safeguard Plaintiff's unlawfully RESTRAINED funds- - - and said fiduciary duty in the nature of CONSTRUCTIVE TRUST, began, at the latest- - -subsequent to Plaintiff's 4/5/03, and 4/10/03 NOTICES, of unlawful RESTRAINT of EXEMPT FUNDS, <u>FINANCIAL INSTITUTIONS</u>" Defendants, by intentional fraud, and/or reckless indifference to the truth, breached their fiduciary duty to Plaintiff under the following statutes:

a)      <u>New York State INSURANCE LAW</u>, Art. 32, § 32 12(c)(1)

b)      <u>Rehabilitation Act of 1973</u>, 29 U.S.C. 2201,

c)      <u>Americans with Disabilities Act</u>, (ADA), 42 U.S.C. §12 101, et. seq.,

and accordingly, the record clearly and indisputably reflects that subsequent to Plaintiff's NOTICE the SOKOLOFF ENTERPRISE's Defendants, including Defendant NORTH FORK by

"<u>INTENTIONAL FRAUD</u>" or "<u>RECKLESS INDIFFERENCE TO THE TRUTH</u>", violated 18 U.S.C. §1346(2), 18 U.S.C. §1512(b), 18 U.S.C. §1951(a)(b)(2), 18 U.S.C. §656, and 18 U.S.C. §1341.

29.    18 U.S.C. §1344(2) says in pertinent part:

"Whoever knowingly executes, or attempts to execute a scheme or artifice. . . ." ". . . (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of a financial institution, by means of false or fraudulent pretenses, representations, or promises: shall be fined not more than $1,000,000 or imprisoned not more than 30 years or both."

30.    18 U.S.C. §1512(b) says in pertinent part:

"Whoever knowingly uses intimidation, physical force, threatens or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person with intent to:

(1)    Influence delay or prevent testimony of any person in an official proceeding;

(2)    Cause or induce a person to---

    (A)    Withhold testimony, withhold a record, document or other object from an official proceeding

    (B)    Alter, destroy, mutilate, or conceal an object with the intent to impair the object's integrity or availability for an official proceeding

    (C)    Evade legal process summoning that person to appear as a witness, produce a record, document, or other object in an official proceeding

    (D)    be absent from an official proceeding to which such person has been summoned by legal process;"

31.    18 U.S.C. §1951(a)(b)(2) says in pertinent part:

"(a)  Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or "<u>EXTORTION</u>" or attempts or conspires to do so, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years or both.

(b)  As used in this section- - -"

". . . (2) The term "EXTORTION" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force violence or <u>FEAR, or UNDER COLOR OF OFFICIAL RIGHT</u>"

32.    18 U. S. C. §656 says in pertinent part:

"Whoever, being an officer, director, agent or employee of, or connected in any capacity with any Federal Reserve Bank, member Bank, depository institution holding company, national bank, insured bank, branch or agency of foreign bank, or organization operating under section 25 or section 25(a) of the Federal Reserve Act [12 U. S. C.§§ 601 et. seq., 611 et.. seq. ] or a receiver of a national bank, insured bank, branch, agency, or organization or any agent or employee of the receiver or a federal reserve agent or an agent or employee of the receiver, or a Federal Reserve Agent, or an agent or employee of a Federal Reserve Agent or Board of Governors of the Federal Reserve System, embezzles, abstracts, purloins, OR WILLFULLY MISAPPLIES ANY OF THE FUNDS OR CREDITS OF SUCH BANK, BRANCH, AGENCY OR ORGANIZATION, OR HOLDING COMPANY OR ANY MONEYS FUNDS OR ASSETS OR SECURITIES INTRUSTED TO THE CUSTODY OR CARE OF SUCH BRANCH, AGENCY OR ORGANIZATION, OR HOLDING COMPANY OR TO THE CUSTODY OR CARE OF SUCH AGENT, OFFICER, DIRECTOR, EMPLOYEE, OR RECEIVER, SHALL BE FINED NOT MORE THAN $1,000,000 OR IMPRISONED MORE THAN 30 YEARS OR BOTH... ."

33.    18 U. S. C. § 1341 says in pertinent part:

"Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter or give away, distribute, supply or furnish or procure for any unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme, or attempting to do so, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the postal service, or takes or receives therefrom, any such matter or thing, whatever to be sent or delivered by the United States Postal Service, or takes or receives therefrom, any such matter, or thing or knowingly causes to be delivered by mail according to the direction thereon, or at the place where it is directed to be delivered by the person to whom it was addressed, any mater or such thing, shall be fined not more than $1,000. or imprisoned not more than five years, or both. If the violation affects a financial institution, such person shall be fined not more than $1,000,000. or imprisoned not more that 30 years or both.

**THE SOKOLOFF ENTERPRISE:**

34. Significantly Plaintiff's RICO Claims include Predicate Act violation(s) by Defendants RICHARD SOKOLOFF ESQ., NORTH FORK BANK who were members of the SOKOLOFF ASSOCIATED-IN-FACT-ENTERPRISEs' MEMBERS, of which, as more fully set forth below, and Defendants SOKOLOFF, controlled the SOKOLOFF ENTERPRISE, and Defendant SOKOLOFF was the leader, or CAPPO, of the SOKOLOFF ENTERPRISE

**THE SOKOLOFF SCHEME OR ARTIFICE TO DEFRAUD:**

35. Moreover, Plaintiff's claims of violations of 18 U. S. C. §1346(2) comports with the statutory definition, in that the defendants as members of the SOKOLOFF ENTERPRISE allegedly knowingly executed a scheme to obtain funds under the custody and control of Defendant NORTH FORK by means of fraudulent pretenses. For the purposes of the bank fraud statute the terms "SCHEME" and "ARTIFICE" are defined to include any plan, pattern, or cause of action including false and fraudulent pretenses in order to obtain something of value, such as money, from the institution to be deceived. [See: WIENER v. NAPOLI, 772 F. Supp., 109, EDNY, 1991).

36. The sole purpose of the SOKOLOFF RACKETEERING ENTERPRISE is a scheme whereby the SOKOLOFF ENTERPRISE was to deprive Plaintiff of his 18 U. S. C. §1346 "intangible right to honest services" from Defendant NORTH FORK relevant to Plaintiff's ALL-STATE LOSS-OF-TIME CHECK, (which was on deposit, at Defendant NORTH FORK) and by state statute, at New York State INSURANCE LAW, Art. 32, § 32 12(c)(1) EXEMPT FROM EXECUTION.

## THE PARTIES

37. Plaintiff JAMES E. FLAHERTY resides at 42 Neptune Avenue, Hampton Bays, N. Y., 11946, and Plaintiff's mailing address is P. O. Box 257 Riverhead, N. Y., 11901.

38. Plaintiff UNITED STATES OF AMERICA, USA , d.b.a. UNITED STATES SMALL BUSINESS ADMINISTRATION, (SBA), in its capacity as Fed. R. Civ. P. Rule 19(a) Involuntary Plaintiff, subject to official Joinder by Order, is situated at, and does business at 35 Pinelawn Road, Melville, N.Y., 11747

10

39.    Defendant RICHARD SOKOLOFF ESQ., individually and in his capacity as Attorney or BROOKHAVEN ANESTHESIA ASSOCIATES LLP, business address is 28 Lincoln Street, Riverhead, New York, 11901, does business within the Eastern District of New York, and service may be made upon Defendant at 28 Lincoln Street, Riverhead, New York, 11901, Defendant SOKOLOFF is a <u>RICO</u> <u>Defendant</u> and is the head or CAPPO of <u>SOKOLOFF ENTERPRISE</u>.

40.    Defendant BROOKHAVEN ANESTHESIA ASSOCIATES LLP. , business address is 286 Patchogue-Yapank Road, Patchogue, N. Y. does business within the Eastern District of New York, and service may be made upon Defendant at 286 Patchogue-Yapank Rd.

41.    Defendant NORTH FORK BANK & TRUST, a. k. a. " THE NORTH FORK BANK ENTERPRISE" does business at 46 Windmill Lane Southampton, New York, 11968, within the Eastern District of New York, and service may be made upon any of Defendant NORTH FORK BANK & TRUST's branch offices, situated within the Eastern District of New York.

42.    Defendant-administrative Respondent PARTY CONCEPTS, is not sued for damages, other than anesthesia costs, but is a necessary party for monetary Relief requested below, who at all relevant times, had the capacity to Cause Plaintiff' EXEMPT funds to be released, by paying Plaintiff's BROOKHAVEN ANESTHESIA bill.

43.    Defendant COSTELLO MARINE does business at and maintains an office at 425 5th St. Greenport N. Y. 11944

44.    Defendant JOHN COSTELLO, does business at and is an officer and is employed by Defendant COSTELLO MARINE.

45.    Defendant J. COSTELLO, CRANE OPERATOR business at and is an officer and is employed by Defendant COSTELLO MARINE.

## Plaintiff's LOSS OF TIME BENEFITS Are Exempt From Execution

46.    As a consequence of his DISABILITY, Plaintiff has been the recipient of monthly ALLSTATE, NO-FAULT, <u>LOSS OF TIME</u> checks, which are issued on the twenty-ninth day of each month, and, pursuant to New York State Law, Plaintiff's ALLSTATE <u>LOSS OF TIME</u> checks are exempt from execution, " . . .for the purpose of satisfying any debt or liability of the insured . . .", pursuant to <u>Article 13, §3212(c)(1)</u> of the <u>New York State Insurance Law</u>

47.     On July 15, 2000 Defendant SOKOLOFF brought an action in Huntington Third District Court, Civil Part, for which substitute service of process was admitted by Defendants agent, as having been made on dates when Plaintiff was comatose, and/or hospitalized.

### Doctrine of Federal Pre-emption bars Defendants' State Court Action Against Plaintiff

48.     Significantly Defendant SOKOLOFF's 3rd District Court Civil Small Claims action sought, $640.00 payment for medical anesthesia services, for Defendant BROOKHAVEN ANESTHESIA ASSOCIATES LLP, for Plaintiff's hospital cataract surgery, (Exhibit K), which was covered under Plaintiff's wife's Party Concepts Employee Benefit Plan, (EBP).

49.     Under the federal ERISA Law, the proper forum for resolving disputes involving EBP coverage, is Federal Court, subsequent to the prerequisite of exhaustion of EEOC administrative remedies.

50.     By and through the filing of his EEOC CHARGE # 160A301422, Plaintiff has exhausted his administrative remedies, has been issued his RIGHT TO SUE LETTER. , and accordingly Doctrine of Federal Preemption, [See: USA v. Locke, 529 U.S. 89, 120 S.Ct. 1135], bars Defendants SOKOLOFF and BROOKHAVEN ANESTHESIA ASSOCIATES LLP, from bringing State Court action which arises from same facts as Plaintiffs EEOC CHARGE # 160A301422, EBP Claims, however BROOKHAVEN ANESTHESIA ASSOCIATES LLP., remedy is to interpose Third Party claims against Defendant PARTY CONCEPTS in instant action.

### Defendants UNLAWFUL RESTRAINT Has Denied Plaintiff Right of Equal Protection

51.     Plaintiff has been denied his Fourteenth Amendment constitutional right of Equal Protection Under the Law, by and through Defendants' SOKOLOFF, BROOKHAVEN ANESTHESIA and NORTH FORK BANK  UNLAWFUL RESTRAINT of Plaintiff's ALLSTATE LOSS OF TIME disability checks, which were deposited into Plaintiff's NORTH FORK BANK & ACCOUNT # 1626- 0786-61, are kept separate and distinct as no other funds are co-mingled with Plaintiff's disability funds which are deposited in these accounts.

52.   At All relevant times Plaintiff's ALLSTATE disability income checks, are deposit NORTH FORK BANK & TRUST ACCOUNT # 1626-0786-61, were kept separate and distinct and no other funds are co mingled with Plaintiff's disability funds which are deposited in the NORTH FORK account

53.   §3212(c)(1) of <u>N. Y. State Insurance Law</u> says in pertinent part:

" (c)(1) No money or other benefits payable or allowable
under any policy of insurance against disability arising
from accidental injury or bodily infirmity or ailment of
the person insured, shall be liable to execution for the
purpose of satisfying any debt or liability of he insured,
whether incurred before or after the commencement of
the disability, except as provided by subsection (c) hereof."

54.   The monthly "<u>LOSS OF TIME</u> check, payable to Plaintiff, for Plaintiff's lost income, ". . .<u>due to accident on 07-26-2000</u>." constitutes ". . . . money or other benefits payable or allowable under any policy of insurance against disability arising from accidental injury. . . ." within the meaning of <u>N.Y.S. Insurance Law</u>, §3212(c)(1),.

## JURISDICTION & VENUE

**Federal Jurisdiction**

55.   This Court has jurisdiction over this cause of action pursuant to 28 U. S. C. §1331, in that this cause of action arises under the United States Constitution and its laws.

56.   This Court has jurisdiction over this cause of action pursuant to 28 U. S. C. §1345, in that this cause of action, because the the United States is a party to the action.

57.   That this cause of action arises under the <u>Rehabilitation Act of 1973</u>, 29 U. S. C. §710 et. seq. and <u>Americans with Disabilities Act</u>, (ADA), 42 U. S. C. §12101 et. seq.

58.   That <u>TITLE III</u> of the ADA defines "<u>Places of Public Accommodation</u>" in terms of twelve, (12), categories which are enunciated in 42 U. S. C. §12187, and set forth in the Americans with Disabilities Act, (ADA),

59.   That Defendant NORTH FORK BANK and & ACCOUNT # 1626-0786-61, are places of public accommodation, within the meaning of 42 U. S. C. §12187.

## PERSONAL JURISDICTION AND VENUE

60.    Personal Jurisdiction & venue are predicated upon 18 U.S.C. § 1965(a) and (b) and 28 U.S.C. § 1391(b) and (d) since Defendants including Defendants NORTH FORK Defendant PARTY CONCEPTS reside or have agents designated for service of process agents, within the Eastern District of New York, and the acts or occurrences in the furtherance of the claims alleged herein arose in Eastern District of New York, all Defendants, either reside, have an agent or transact their affairs in the Eastern District of New York, and  because the ends of justice require that other parties residing in other Districts be brought before this court.

### Pendant Jurisdiction, under New York State Law

61.    This Court has pendant jurisdiction pursuant to §3212(c)(1) of the New York State Insurance Law and CPLR 5519(4).

62.    This Court has pendant jurisdiction pursuant for Plaintiffs Claims of Abuse of Process and/or Malicious Prosecution, and Breach of Contract.

63.    This Court has pendant jurisdiction, relevant to Plaintiff's claim of fraud.

64.    This Court has pendant jurisdiction of Plaintiff's Breach of Contract claim.

65.    This Court has pendant jurisdiction, relevant to Plaintiff's claim of money had and received

66.    This Court has pendant jurisdiction, relevant to Plaintiffs claim of Accounting based upon Constructive Trust

67.    This Court has jurisdiction pursuant to 18 U. S. C. § 1346.

68.    This Court has jurisdiction pursuant to 18 U. S. C. § 1344(2).

69.    This Court has jurisdiction pursuant to 18 U. S. C. § 1512(b) .

70.    This Court has jurisdiction pursuant to 18 U. S. C. § 1951(a)(b)(2).

71.    This Court has jurisdiction pursuant to 18 U. S. C. §656.

72.    This Court has jurisdiction pursuant to 18 U. S. C. § 1341.

73.    Plaintiff has standing and a federal  FIRST CAUSE OF ACTION against defendants pursuant to 18 U. S. C. 1962(c).

74.     Plaintiff has standing and a federal SECOND CAUSE OF ACTION against defendants pursuant to 18 U. S. C. 1962(b).

75.     Plaintiff has standing and a federal THIRD CAUSE OF ACTION against defendants pursuant to 18 U. S. C. 1962(a).

76.     Plaintiff has standing and a federal FOURTH CAUSE OF ACTION against defendants pursuant to 18 U. S. C. 1962(d).

77.     Plaintiff has standing and a pendant CAUSE OF ACTION against Defendants COSTELLO MARINE, JOHN COSTELLO, and J. COSTELLO, CRANE OPERATOR, NEGLIGENCE and BREACH OF Defendants' CPLR 5519(4) DUTY by and through a tort Claim for against these Defendants negligent/intentional UNAUTHORIZED DESTRUCTION of Plaintiff's FLAHERTY's vessel, the F/V SHANNON KATHLEEN, in contravention of the Judge HENRY's (Exhibit B) and Judge MOLIA's (Exhibit C) Orders.

78.     Plaintiff has standing and a CAUSE OF ACTION of pendant tort claims of Breach of Contract against defendants Defendant PARTY CONCEPTS for Beach Of Employee Benefit Plan Contract.

79.     Plaintiff has has standing and a CAUSE OF ACTION of pendant tort claims of Abuse of Process against defendants Defendants RICHARD SOKOLOFF ESQ., individually and in his capacity as Attorney or BROOKHAVEN ANESTHESIA ASSOCIATES LLP., BROOKHAVEN ANESTHESIA ASSOCIATES LLP., and NORTH FORK.

**RELEVANT TIMES, FACTS, PREDICATE ACTS AND PATTERNS OF RACKETEERING**

80.     The relevant times in this Complaint are from on or about July 15, 2000, when Defendant SOKOLOFF commenced the state action, BROOKHAVEN ANESTHESIA ASSOC-IATES LLP, v. FLAHERTY, until the date of the within Complaint, and are CONTINUING, during the continued period of UNLAWFUL RESTRAINT of Plaintiff's NO-FAULT DISABILITY INSUR-ANCE BENEFITS, by Defendants SOKOLOFF,& NORTH FORK, in FRAUDULENT, INTENTIONAL, RECKLESS violation, of Plaintiff's statutory rights under:

a) <u>New York State Insurance Law</u> § 32 12(c)(1)

b) <u>United States Americans with Disabilities Act, (ADA)</u>

c) <u>United States Rehabilitation Act of 1973 , (RHA)</u>

d) <u>United States Employee Retirement Income Security Act, ERISA</u>

81. On 7/26/00, Plaintiff was in a serious motor vehicle accident, received serious head injury, was hospitalized in a comatose condition, and did not return to 42 Neptune Avenues Hampton Bays New York, until sometime in 2001 .

82. Records maintained by the COUNTY OF SUFFOLK reflect that Defendant SOKOLOFF alleges Plaintiff was served by substitute service, on 8/30/2000, and subsequent, while plaintiff was HOSPITALIZED, INCOMPETENT FROM HEAD INJURY AND and subsequent AMNESIA, being cared for by others, not residing at 42 Neptune Avenue, Hampton Bays , New York, and recovering serious head injury and comatose condition, which has rendered Plaintiff disabled and qualified Plaintiff for DISABILITY INCOME BENEFITS, which continue to be KNOWINGLY, WILLFULLY, INTENTIONALLY, and UNLAWFULLY RESTRAINED, in contravention of the NEW YORK STATE INSURANCE LAW.

**<u>At All Times, Defendant SOKOLOFF was Aware of Plaintiff's EXEMPT Disability Status.</u>**

83. Thereafter, while Plaintiff was in a comatose condition, recovering from severe HEAD INJURY, coma and was diagnosed with AMNESIA, under special extended medical care, for brain injury, and not residing at his residence, Defendant SOKOLOFF obtained a 10/17/00 STEALTH JUDGMENT, in contravention of any reasonable accommodation under the ADA, by Defendant SOKOLOFF's process server, JOHN LEWIS, who by affidavit, sworn to on 9/7/00, swore that at time of 8/30/00 <u>ABUSE OF PROCESS</u>, MR. LEWIS spoke to Plaintiffs' neighbors, including MR. CASHMAN, on 42 Neptune Avenue, Hampton Bays New York, [who was aware of Plaintiff's 7/26/00 MVA], , and that Plaintiff was hospitalized, and in comatose condition].

**<u>Plaintiff's only Income is his ALLSTATE NO -FAULT $2080.32 Monthly Disability Income.</u>**

84. At all relevant times Plaintiff's only income was a monthly ALLSTATE disability income check, which was deposited into Plaintiff's NORTH FORK BANK account.

**COUNT I** - - - **COSTELLO DEFENDANT's NEGLIGENTLY and/or INTENTIONALLY DESTROYED PLAINTIFF'S DOCUMENTED FISHING VESSEL, F/V SHANNON KATHLEEN IN CONTRAVENTION OF CPLR 5519(4), JUDGE HENRY's & JUDGE MOLIA's COURT ORDER, ON APPEAL, WHICH ENUNCIATED SPECIFIC INSTRUCTIONS FOR DEFENDANT TO REMOVE VESSEL, FROM SOUTHAMPTON TOWN WATERS**

85.    Plaintiff repeats and realleges each and every allegation 1 thru 84 above.

86.    At all relevant Plaintiff JAMES E. FLAHERTY is the Managing Owner of F/V SHANNON KATHLEEN, a United States fishing vessel was reflected in said vessel's valid, Current Certificate of Documentation issued by the United States Department of Transportation, was engaged in lobster fishery, as reflected by Flaherty v. NMFS, 697 F.Supp. 127, USDC, EDNY, (Exhibit E).

87.    For the past fifteen years, and at all relevant times the F/V SHANNON KATHLEEN, has been moored to Plaintiff's Riparian wharf, in situated at Smith's Creek, Hamlet of Hampton Bays, Town of Southampton, New York.  ( EX/B/T  F )

88.    On April 11, 2000, the F/V SHANNON KATHLEEN became partially submerged, due to vandalism, and water running into wet exhausts which were disconnected from GM 8V-71 engine, which was not in vessel at time because engine had been completely rebuilt, and there was a minor 10-15 gallon oil spill to which the United States Coast Guard MOS (Oil Pollution Unit), responded.

89.    At all relevant times, on board the F/V SHANNON KATHLEEN were kept approximately twenty five years of proprietary information including electronic and written fishing records, and trap locations.

90.    At all relevant times the F/V SHANNON KATHLEEN was licensed for closed held commercial lobster and fish Fisheries, (Exhibit D), and under current law said licenses expire with the expiration of fishing vessel.

91.    By FINAL U. S. COAST GUARD 12/23/00 MSO Report  (Exhibit A), dated 12/13/03, (Lieutenant Dickerson), the U. S. Coast Guard, subsequent to inspection, determined:

a)    POLLUTION HAZARD MITIGATED,

b)    VESSEL IS NOT A HAZARD TO NAVIGATION.,

c)    RECOMMEND NO FURTHER ACTION

92.   By information and belief, the Doctrine of Federal Pre-emeption, makes Lt. DICKERSON's FINAL U. S. COAST GUARD 12/23/00 MSO Report , relevant to pollution hazard and hazard to navigation, makes his USCG MSO Report, (Exhibit A), binding over any state agency, including the Southampton Town Trustees (See Please: United States v. Locke, 529 U. S. 89, 120 S.Ct 1135, 2000)

93.   Thereafter in December, 2000, in contravention of the findings of Lt. Dickerson, the Southampton Town Trustees brought an action to remove the F/V SHANNON KATHLEEN from Southampton Town waters, in contravention of the findings of Lt. Dickerson's USCG MSO, Report, (Exhibit A), and subsequently the Hon. Patrick Henry, JSC, issued an EX PARTE ORDER, dated 12/17/02, (Exhibit B), which directed that the F/V SHANNON KATHLEEN be removed from Southampton Town waters

94.   By 2/27/03 Order (Exhibit C), the Hon. Denise F. Molia, JSC., ordered that the Hon. Patrick Henry, JSC's 12/17/02, EX PARTE ORDER, (Exhibit B), be executed, and on 9/25/03 Plaintiff FLAHERTY showed Defendant J. COSTELLO, CRANE OPERATOR, said ORDERS.

95.   As Plaintiff filed a Timely notice of Appeal of Judge Molias 2/27/03 Order, non party TOWN OF SOUTHAMPTON, and its agents, Defendant COSTELLO MARINE Defendant JOHN COSTELLO and  Defendant J. COSTELLO, CRANE OPERATOR, had a clear unmitigated duty pursuant to CPLR 5519(4) to preserve the integrity of the F/V SHANNON KATHLEEN, and  Plaintiff FLAHERTY had a duty to pay for the cost of removal which would be charged to the DEFENDANT by adding the cost of removal to the as an assessment on real property owned by Defendant, within the TOWN of SOUTHAMPTON.

96.   On September 25, 2003 Defendants COSTELLO MARINE, JOHN COSTELLO, and J. COSTELLO, CRANE OPERATOR, breached their duty under CPLR 5519(4) & DESTROYED, Plaintiff's vessel, F/V SHANNON KATHLEEN, in contravention of Judge HENRY's EX PARTE ORDER, dated 12/17/02, (Exhibit B), and Judge MOLIA ORDER dated 2/27/03, (Exhibit C), and Plaintiff was damaged to his BUSINESS, PROPERTY and PERSON, and as a consequence of and through Defendants' unlawful acts, Plaintiff FLAHERTY suffered great mental anguish.

**<u>COUNT II</u> - - - DEFENDANT PARTY CONCEPTS BREACHED ITS EMPLOYEE BENEFIT, (EBP) CONTRACT, FAILED PAY PLAINTIFF'S BROOKHAVEN ANESTHESIA ASSOCIATES MEDICAL BILLS, SUBSEQUENT TO PLAINTIFF'S NOTICE TO PARTY CONCEPTS OF NON -PAYMENT OF EMPLOYEE BENEFITS DATED APRIL 24, 2003 AND JULY 12, 2003. - - - MOREOVER AT NO TIME DID DEFENDANT PARTY CONCEPTS EVER DENY ITS DUTY TO PAY PLAINTIFF'S  EBP BENEFITS,- - - AND BY AND THROUGH DEFENDANT PARTY CONCEPT's BREACH OF CONTRACT, PLAINTIFF WAS DAMAGED, ON 9/25/03,  DUE TO  DEFENDANT PARTY CONCEPTS FAILURE TO TIMELY PAY PLAINTIFF'S EBP BENEFITS**

97.    Plaintiff repeats and realleges each and every allegation 1 thru 96 above.

98.    In December, 2000, in contravention of the findings of Lt. Dickerson, the Southampton Town Trustees brought an action to remove the F/V SHANNON KATHLEEN from Southampton Town waters, in contravention of the findings of Lt. Dickerson's USCG MSO, Report, (<u>Exhibit A</u>), and subsequently the Hon. Patrick Henry, JSC, issued an EX PARTE ORDER, dated 12/17/02, (<u>Exhibit B</u>), which directed that the F/V SHANNON KATHLEEN be removed from Southampton Town waters

99.    Thereafter by Order date 2/27/03, the Hon.  Denise F. Molia, JSC., (<u>Exhibit C</u>), directed that the EX PARTE ORDER, dated 12/17/02, (<u>Exhibit B</u>), Hon. Patrick Henry, JSC,  be executed.

100.    As Plaintiff filed a Timely notice of Appeal of Judge Molias 2/27/03 Order, non party TOWN OF SOUTHAMPTON, and its agents, Defendant COSTELLO MARINE Defendant JOHN COSTELLO and  Defendant J. COSTELLO, CRANE OPERATOR, had a clear unmitigated duty pursuant to CPLR 5519(4) to preserve the integrity of the F/V SHANNON KATHLEEN, and  Plaintiff FLAHERTY had a duty to pay for the cost of removal which would be charged to the DEFENDANT by adding the cost of removal to the as an assessment on real property owned by Defendant, within the TOWN of SOUTHAMPTON.

101.    In Order to mitigate damages, prior to the UNLAWFUL DESTRUCTION of the F/V SHANNON KATHLEEN, Plaintiff had discussed with several shipyards within the Town of Southampton, the possibility of hauling the F/V SHANNON KATHLEEN, for storage OUTSIDE OF SOUTHAMPTON TOWN WATERS, pending decision on appeal of the Hon. Denise F. Molia, JSC., Order (<u>Exhibit C</u>), which directed that the EX PARTE ORDER, dated 12/17/02 of Hon. Patrick Henry, JSC,  (<u>Exhibit B</u>), be executed.

102.   For want of funds Plaintiff FLAHERTY was incapable of mitigating damages, by removing the F/V SHANNON KATHLEEN, by removing said vessel himself mitigate damages, prior to the 9/25/03 UNLAWFUL DESTRUCTION of the F/V SHANNON KATHLEEN, absent the release by Defendant SOKOLOFF of Plaintiff FLAHERTY's unlawfully RESTRAINED NORTH FORK FUNDS, which at all relevant times, were EXEMPT FROM EXECUTION, pursuant to New York State Insurance Law, §3212(c)(1).

103.   At all relevant times, prior to the destruction of Plaintiff's vessel, F/V SHANNON KATHLEEN, Plaintiff JAMES E. FLAHERTY was awaiting the release of his $2080.32 NORTH FORK bank balance which consisted solely of Plaintiff's 3/26/03 $2080.32, in EXEMPT FUNDS, which were RESTRAINED by Defendant SOKOLOFF, pursuant to CPLR 5222.

104.   By statute, Plaintiff FLAHERTY's ALLSTATE, NO-FAULT disability checks, in the amount of $2080.32, are EXEMPT FROM EXECUTION, pursuant to Article 32, §3212(c) of the New York State Insurance Law.

105.   In prior papers, Dependent SOKOLOFF has admitted that NORTH FORK bank balance which consists solely of Plaintiff's 3/26/03 ALLSTATE, NO-FAULT disability Check, for $2080.32, which was restrained by Defendant SOKOLOFF, pursuant to CPLR 5222, will be released, subsequent to payment to Defendant BROOKHAVEN ANESTHESIA ASSOCIATES, LLP, of a bill for covered anesthesia services to Plaintiff, of to approximately $640.00.

106.   On or about, August 12, 2003 and on or about April 24, 2003, Plaintiff FLAHERTY gave notice to Defendant PARTY CONCEPTS, as Corporate Defendant, and in its official capacity as EEOC Administrative Respondent, to Plaintiff's EEOC Charge #160A30142, (hereinafter Defendant PARTY CONCEPTS), that Plaintiff's bill for $640.00 owed by Plaintiff to Defendant BROOKHAVEN ANESTHESIA ASSOCIATES LLP, is covered by PARTY CONCEPTS Employee Benefit Plan and is due and owing, and Defendant has not denied Plaintiff's Claim.

107.   But for Defendant PARTY CONCEPT's dilatory refusal to pay Plaintiff FLAHERTY's EMPLOYEE MEDICAL BENEFIT, relevant to Plaintiff's outstanding bill for ansethesia services, payable to Defendant BROOKHAVEN ANESTHESIA SERVICES LLP, Plaintiff FLAHERTY would have been able to remove his fishing vessel, the F/V SHANNON KATHLEEN, from Southampton Town waters, prior to September 25, 2003.

108.   On September 25, 2003 Defendants COSTELLO MARINE, JOHN COSTELLO, and J. COSTELLO, CRANE OPERATOR, breached their duty under CPLR 5519(4) & DESTROYED, Plaintiff's vessel, F/V SHANNON KATHLEEN, in contravention of the HENRY & MOLIA Orders.

109.   But for Defendant PARTY CONCEPT's dilatory refusal to pay Plaintiff FLAHERTY's EMPLOYEE MEDICAL BENEFIT, relevant to Plaintiff's outstanding bill for ansethesia services, payable to Defendant BROOKHAVEN ANESTHESIA SERVICES LLP, Plaintiff's $2080.32, ALLSTATE FUNDS, which by law are EXEMPT FROM EXECUTION, would have been released to Plaintiff FLAHERTY, and Plaintiff would have been able to remove the F/V SHANNON KATHLEEN prior to September 25, 2003.

110.   But for Plaintiff Flaherty's inability to remove his vessel from SOUTHAMPTON TOWN WATERS prior to September 25, 2003, as a consequence of Defendant PARTY CONCEPTS Breach of Contract, and refusal to pay Plaintiff's EMPLOYEE MEDICAL BENEFITS for medical services provided by Defendant BROOKHAVEN ANESTHESIA ASSOCIATES, which was necessary to cause the release of Plaintiff's funds, which were restrained by Defendant NORTH FORK, Plaintiff FLAHERTY's fishing vessel, the F/V SHANNON KATHLEEN WOULD NOT HAVE BEEN DESTROYED.

111.   But for Defendant PARTY CONCEPTS Breach of Contract, and refusal to pay Plaintiff's EMPLOYEE MEDICAL BENEFITS for medical services provided by Defendant BROOKHAVEN ANESTHESIA ASSOCIATES, which was necessary to cause the release of Plaintiff's funds, Plaintiff FLAHERTY's fishing fishing business, d. b. a. F/V SHANNON KATHLEEN, for which Plaintiff has outstanding, a United States Small Business Administration loan, WOULD NOT HAVE BEEN DESTROYED.

112.   Defendant PARTY CONCEPT's breach of contract damaged Plaintiff.

**COUNT III - - - DEFENDANT SOKOLOFF's FIRST RICO PREDICATE ACT**

113. Plaintiff repeats and realleges each and every allegation numbered 1 through 112 above.

114. Significantly, CPLR 5222(c), states in pertinent part:

" SUBSEQUENT NOTICE
Leave of the Court is required to serve more than one restraining notice upon the same person, with respect to the same judgment or order."

115. Thereafter, SUBSEQUENT TO & RESPONSIVE TO Plaintiff's 4/5/03 NOTICE TO SOKOLOFF of EXEMPT FUNDS - - - which United States Postal Service records reflect was received by Defendant RICHARD SOKOLOFF, ESQ, ON 4/7/03, (Exhibit P), - - - and immediately thereafter, on April 8, 2003, Defendant SOKOLOFF,

KNOWINGLY,
WILLFULLY,
INTENTIONALLY,
WITH RECKLESS DISRESPECT FOR THE LAW
and in UNLAWFUL CONTRAVENTION OF CPLR 5222(c)
and in UNLAWFUL CONTRAVENTION OF N.Y.S. INS. LAW §3212(c)(1)

as reflected by bank records dated on April 8, 2003, caused to be "ENTERED" a " SECOND " RESTRAINING ORDER, upon NORTH FORK BANKCORP, which operated to UNLAWFULLY RESTRAIN an additional $1951.64, in Plaintiffs NORTH FORK BANK & TRUST Account #6313697181, which at time of RESTRAINT, had $2080.32 balance which consisted solely of Plaintiff's 3/26/03 ALLSTATE, NO-FAULT disability Check, for $2080.32.

116. As reflected in the annexed NORTH FORK BANK statement for Plaintiff's NORTH FORK BANK & TRUST Account #6313697181, - - - on April 8, 2003, - - - RESPON-SIVE to Plaintiff's 4/5/03 written NOTICE OF EXEMPT BANK FUNDS to SOKOLOFF, - - - in violation of §3212(c)(1), New York State Insurance Law, and in violation of CPLR 5222( c) - - SOKOLOFF by a CLEAR, KNOWING, INTENTIONAL, DELIBERATE, WILLFUL, UNLAWFUL, and "RECKLESS", "SCHEME" caused to be "ENTERED" a " SECOND " RESTRAINING NOTICE, relevant to Plaintiff's FORK BANK& TRUST Account #6313697181, which was charged an extortionate $100.00 fee.

22

117.   On April 8, 2003 Defendant NORTH FORK BANK & TRUST received the
FRAUDULENT, INTENTIONAL, DELIBERATE, WILLFUL, UNLAWFUL, and "RECKLESS", "4/8/03
SOKOLOFF " SECOND" RESTRAINING NOTICE, which was FRAUDULENTLY fabri-
cated by Defendant SOKOLOFF in direct contravention of CPLR 5222(c), requiring LEAVE OF
THE COURT, for "SECOND" RESTRAINING NOTICES which are "SERVED ON THE SAME PERSON".

118.   Defendant SOKOLOFF caused SECOND RESTRAINING NOTICE,
to be served upon Plaintiff without required CPLR 5222(c) LEAVE OF THE COURT to do so.

119.   Upon Defendant SOKOLOFF's service of "SECOND" SOKOLOFF/NORTH FORK
RESTRAINING NOTICE, upon Defendant NORTH FORK BANK & TRUST at NORTH FORK BANK,
9025 Route 25, Mattituck, N. Y., 11952, which UNLAWFULLY RESTRAINED Plaintiff's NORTH
FORK BANK & TRUST Account #1626-0786-61, absent the MANDATORY "LEAVE OF THE
COURT" - - Defendant SOKOLOFF, KNOWINGLY, WILLINGLY, INTENTIONALLY RECKLESSLY
executed a RECKLESS "SCHEME" to UNLAWFULLY "OBTAIN" "EXEMPT" "MONEYS UNDER THE
CUSTODY OF A FINANCIAL INSTITUTION", by "MEANS OF FALSE OR FRAUDULENT
PRETENSES" in RECKLESS INTENTIONAL violation of 18 U. S. C. §1344(2).

120.   On April 10, 2003, Plaintiff gave NORTH FORK BANK & TRUST,
SOKOLOFF, BROOKHAVEN ANESTHESIA ASSOCIATES INC. written NOTICE OF EXEMPT FUNDS,
and that SOKOLOFF had committed violations, to wit:

    a)   banking/and or disability law,
    b)   Art. 32 §3212(c) of the New York State Insurance Law,
    c)   Rehabilitation Act, of 1973, 29 U.S.C. 2201, et.. seq.
    d)   Americans with Disabilities Act, (ADA), 42 U.S.C. 12101, et.. seq.
    e)   extortion via Hobbes Act violations,
    f)   "PATTERN" of racketeering, in contravention of statute at 18
        USC.§§1961-1968 et.. seq.,

121.   Thereafter, responsive to Plaintiff's 4/10/03 NOTICE(s) TO Defendants
of EXEMPT FUNDS - - - Defendant SOKOLOFF,
        KNOWINGLY,
        WILLFULLY,
        INTENTIONALLY,
        UNLAWFULLY
        RECKLESSLY

and in CONTRAVENTION OF CPLR 5222(c), as reflected by Defendant NORTH FORK BANK's
records  on April 8, 2003, Defendant SOKOLOFF caused to be served a "SECOND"
RESTRAINING NOTICE, upon Defendant NORTH FORK BANK which operated to
put an UNLAWFUL "HOLD" of an additional $1951.64, in Plaintiff's NORTH FORK #6313697181
Account, which at time of UNLAWFUL "HOLD", had  $2080.32 balance solely consisting of
Plaintiff's 7/26/03 ALLSTATE, NO-FAULT LOSS-OF-TIME check, for $2080.32

122.    Defendant SOKOLOFF's, KNOWING, WILLING, INTENTIONAL & RECKLESS
"SCHEME" to UNLAWFULLY "OBTAIN" "EXEMPT" "MONEYS UNDER THE CUSTODY OF A FIN-
ANCIAL INSTITUTION", by "MEANS OF FALSE OR FRAUDULENT PRETENSES" in RECKLESS
INTENTIONAL violation of §3212(c) of New York State Insurance Law, without the CPLR
5222(c) mandatory LEAVE OF THE COURT was a 18 U. S. C. §1344(2), violation was Defendant
SOKOLOFF's THIRD RICO PREDICATE ACT, of two or more RICO PREDICATE ACTs, within 4 years.

## COUNT IV - - - DEFENDANT SOKOLOFF's SECOND RICO PREDICATE ACT

123.    Plaintiff repeats and realleges each and every allegation numbered 1
through 122 above.

124.    The Record reflects that, Defendant SOKOLOFF caused the
United States Postal Service to deliver his fraudulent "SECOND" RESTRAINING NOTICE
which was received on 4/7/03 by Defendant NORTH FORK BANKCORP, , which
operated to HOLD an additional $1951.64, in Plaintiff's NORTH FORK Account #6313697181,
which at time of restraint, had a balance of $2080.32, which consisted solely of Plaintiff's
ALLSTATE-LOSS OF-TIME-CHECK, ), which funds are EXEMPT FROM EXECUTION,
pursuant to §3212(c)(1) of the NEW YORK STATE INSURANCE LAW.

**By 4/8/00 written Communication to Defendant SOKOLOFF, one of Plaintiff's treating
Medical Practitioners advised Defendant SOKOLOFF that Plaintiff FLAHERTY is Disabled
& Certified as Disabled, effective 7/1/00 due to Head Injury arising from 7/26/00 MVA**

125.    Thereafter, by letter dated April 8, 2003, , Dr. De Vinney,
Plaintiff's treating Neuropsychologist advised Defendant SOKOLOFF that Plaintiff:

        a)    was in a Motor Vehicle Accident on 7/26/00
        b)    suffered a head injury
        c)    was comatose for about two weeks

    d)    Plaintiff's memory has been adversely affected

    e)    Plaintiff has not been working due to disability

    f)    the Department of Education has certified that Plaintiff is permanently disabled, effective 7/1/00

**Defendant SOKOLOFF had Duty to Verify- -PRIOR to issuing RESTRAINING NOTICE- - and Defendant NORTH FORK BANK & TRUST/NORTH FORK BANK CORP., had MORAL & LEGAL Duty to INQUIRE & VERIFY, AND/OR DISCOVER THE FOLLOWING:**

1.    **Defendant SOKOLOFF & NORTH FORK BANK HAD DUTY - - - PRIOR to RESTRAINING PLAINTIFF's NORTH FORK BANK  ACCOUNT # 1626-0786-61, FUNDS - - - were not funded with     ALLSTATE FUNDS which were "EXEMPT FROM EXECUTION", pursuant to §3212(c)(1) of  New York State Insurance Law**

2.    **Defendant NORTH FORK had duty to DEMAND from Defendant SOKOLOFF, the MANDATORY CPLR 5222(c) ORDER, - - a STATUTORY PREREQUISITE PRIOR TO RESTRAINT OF PLAINTIFF's NORTH FORK ACCT. # 1626-0786-61**

3.    **Defendant NORTH FORK should have Discovered that Defendant SOKOLOFF FRAUDULENTLY BREACHED his LEGAL DUTY under CPLR 5222(c), - - - TO OBTAIN A COURT ORDER- - PRIOR TO FABRICATING "SUBSEQUENT NOTICE RESTRAINING PLAINTIFF'S NORTH FORK BANK  ACCOUNT # 1626-0786-61**

126.   By April 8, 2003 written communication to Plaintiff, Defendant NORTH

FORK BANK & TRUST/NORTH FORK BANK CORP., has admitted, , that Defendant SOKOLOFF

issued an unlawful SECOND - - -RESTRAINING NOTICE, TO Plaintiff, the SOKOLOFF/NORTH

FORK RESTRAINING NOTICE, which was preceded by Defendant SOKOLOFF's PRIOR

SOKOLOFF/FLEET, RESTRAINING NOTICE , which violated CPLR 5222(c), was an Abuse of

Process and, as more fully set forth above & below, Defendant SOKOLOFF, by his use of the

U. S. Mails to deliver the SOKOLOFF/NORTH FORK RESTRAINING NOTICE,, committed a RICO

Racketeering "Predicate Act", in violation of 18 U. S. C. §1341, (Mail Fraud); said §1341

violation was Defendant SOKOLOFF's SECOND predicate ACT, of two or more RICO

PREDICATE ACTs, within 4 years.

**COUNT V - - - DEFENDANTs NORTH FORK'S FIRST RICO PREDICATE ACT**

**Defendant SOKOLOFF, by and through Service of SOKOLOFF/NORTH FOR RESTRAINING NOTICE, Upon Plaintiff & Defendant NORTH FORK BANK & TRUST/NORTH FORK BANK CORP.,- - - & Defendant NORTH FORK BANK, by and through its placing of a HOLD on Plaintiff's NORTH FORK ACCOUNT # 6313697181, Knowingly, Willingly, Intentionally and with reckless disregard for the truth, unlawfully violated CPLR 5222(c), New York State Insurance Law, §3212(c)(1), 18 U. S. C. §656, & 18 U. S. C. 1344(2), (Bank Fraud)**

127.   Plaintiff repeats and realleges each and every allegation 1 thru 126 above.

128.   CPLR 5222(c), states in pertinent part:

" SUBSEQUENT NOTICE

Leave of the Court is required to serve more than one restraining notice upon the same person, with respect to the same judgment or order."

129.   Records maintained by Suffolk County Third District Court and  FLEET NATIONAL BANK, and Defendant SOKOLOFF, reflect that Defendant SOKOLOFF's SOKOLOFF/FLEET, RESTRAINING NOTICE on its face, reflects that said NOTICE was made relevant to Judgment, entered on 11/20/00.

130.   Records maintained by Suffolk County Third District Court, and Defendant  NORTH FORK BANK & TRUST/NORTH FORK BANK CORP., and Defendant SOKOLOFF, reflect that Defendant SOKOLOFF's SOKOLOFF/NORTH FORK RESTRAINING NOTICE, on its face, reflects that said NOTICE was also made relevant to Judgment  entered on 11/20/00.

131.   Records maintained by Suffolk County Third District Court Records, and FLEET NATIONAL BANK, and Defendant SOKOLOFF, reflect that Defendant SOKOLOFF's FLEET, RESTRAINING NOTICE , reflects that said NOTICE was served upon Plaintiff

132.   Records maintained by Suffolk County Third District Court, Defendant NORTH FORK BANK & TRUST/NORTH FORK BANK CORP., and Defendant SOKOLOFF, reflect that Defendant SOKOLOFF's SOKOLOFF/NORTH FORK RESTRAINING NOTICE, on its face, reflects that said NOTICE was a RESTRAINING NOTICE which is SEPARATE and DISTINCT from the SOKOLOFF/FLEET, RESTRAINING NOTICE .

133.   Records maintained by Suffolk County Third District Court, Defendant NORTH FORK BANK & TRUST/NORTH FORK BANK CORP., and Defendant SOKOLOFF, reflect that Defendant SOKOLOFF's <u>SOKOLOFF/NORTH FORK RESTRAINING NOTICE</u>, on its face, states that said <u>SOKOLOFF/NORTH FORK RESTRAINING NOTICE</u> was which a RESTRAINING NOTICE which was served upon Plaintiff JAMES E. FLAHERTY.

134.   Records maintained by Suffolk County Third District Court, Defendant NORTH FORK BANK & TRUST/NORTH FORK BANK CORP., FLEET NATIONAL BANK, and defendant SOKOLOFF, reflect that Defendant SOKOLOFF's <u>SOKOLOFF/FLEET, RESTRAINING NOTICE</u> and Defendant SOKOLOFF's <u>SOKOLOFF/NORTH FORK RESTRAINING NOTICE</u>, named and were served upon the same person, - - - Plaintiff JAMES E. FLAHERTY, - - - <u>WITHOUT THE MANDATORY COURT ORDER AUTHORIZING DEFENDANT SOKOLOFF TO DO SO</u>, which constituted a <u>clear ABUSE OF PROCESS</u>, in VIOLATION of CPLR 5222(c).

135.   By and through the service of the <u>SOKOLOFF/NORTH FORK RESTRAINING NOTICE</u>, upon Plaintiff and Defendant NORTH FORK BANK & TRUST of Defendant SOKOLOFF - - - <u>KNOWINGLY, WILLFULLY, INTENTIONALLY, UNLAWFULLY and RECKLESSLY</u> violated CPLR 5222(c).

**Defendant NORTH FORK had duty to DEMAND from Defendant SOKOLOFF, the MANDATORY CPLR 5222(c) ORDER, - - a STATUTORY PREREQUISITE <u>PRIOR to RESTRAINT OF PLAINTIFF's NORTH FORK ACCT. # 1626-0786-61</u>**

136.   CPLR 5222(c),  states in pertinent part:

" <u>SUBSEQUENT NOTICE</u>

Leave of the Court is required to  serve more than one restraining notice upon the same person, with respect to the same judgment or order."

137.   By information and belief, at no time, did Defendant NORTH FORK BANK & TRUST/NORTH FORK BANK CORP., Demand from Defendant SOKOLOFF, the MANDATORY CPLR 5222(c) ORDER, - - a <u>STATUTORY PREREQUISITE</u> PRIOR to RESTRAINT OF PLAINTIFF's NORTH FORK ACCT. # 1626-0786-61

138. Suffolk County Third District Court records reflect that at no time did Judge HACKELING issue a CPLR 5222(c) ORDER, Order Granting Defendant SOKOLOFF leave to file the SECOND <u>SOKOLOFF/NORTH FORK RESTRAINING NOTICE</u>.

139. On April 8, 2003, Defendant NORTH FORK BANK TRUST/NORTH FORK BANK CORP. - - <u>KNOWINGLY, WILLFULLY, INTENTIONALLY AND WITH RECKLESS DISREGARD FOR THE TRUTH and the LAW</u> - - - -placed an UNLAWFUL HOLD, on Plaintiff's NORTH FORK ACCT. # 1626-0786-61, which <u>INTENTIONALLY</u>, in direct contravention of:

    a)  CPLR 5222(c)

    b)  §3212(c)(1) of the NEW YORK STATE INSURANCE LAW, (<u>Exhibit DD</u>)

    c)  18 U. S. C. §656 (Misapplication of funds by Bank Officer or Employee)

140. The <u>KNOWING, WILLFUL, INTENTIONAL</u> and <u>UNLAWFUL HOLD</u>, which Defendant NORTH FORK BANK & TRUST/NORTH FORK BANK CORP. placed on Plaintiff's NORTH FORK BANK Account. # 1626-0786-61, on April 8, 2003, is clearly,"<u>FINANCIAL INSTITUTION FRAUD</u>", which is defined as follows:

    "    Whoever knowingly executes, or attempts to execute a scheme or artifice. . . ."

    ". . . . . (2)  to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of a financial institution, by means of false or fraudulent pretenses, representations, or promises: shall be fined not more than $1,000,000 or imprisoned not more than 30 years or both."

141. The "<u>FINANCIAL INSTITUTION FRAUD</u>" which was perpetrated on Plaintiff by Defendant KANAS and Defendant NORTH FORK BANK & TRUST/NORTH FORK BANK CORP., was, and <u>CONTINUES TO BE</u> a <u>KNOWING, WILLFUL, INTENTIONAL</u> violation of 18 U. S. C. §1344(2) with <u>RECKLESS DISREGARD FOR THE TRUTH and the LAW</u>

142. The "<u>FINANCIAL INSTITUTION FRAUD</u>" - - - - in violation of 18 U. S. C. §1344(2) - - -which was perpetrated on Plaintiff by Defendant NORTH FORK BANK & TRUST/NORTH FORK BANK CORP., was, and <u>CONTINUES TO BE</u> a <u>KNOWING, WILLFUL,</u>

INTENTIONAL, said §1344(2) violation by Defendants is the FIRST, of two or more RICO

PREDICATE ACTs, within 4 years, by Defendant NORTH FORK.

## COUNT VI - - - DEFENDANTS NORTH FORK'S SECOND RICO PREDICATE ACT

143.   Plaintiff repeats and realleges each and every allegation numbered 1

through 142 above.

144.   By and through their UNLAWFUL RELIANCE, on Defendant SOKOLOFF's

FRAUDULENT, RECKLESS, UNLAWFUL, SECOND NOTICE OF RESTRAINT - the SOKOLOFF/NORTH

FORK RESTRAINING NOTICE, which UNLAWFULLY RESTRAINED Plaintiff's NORTH FORK BANK

& TRUST Account #1626-0786-61, WITHOUT the MANDATORY "LEAVE OF THE COURT" - -

Defendant NORTH FORK BANK & TRUST, KNOWINGLY, WILLFULLY, RECKLESSLY, and

UNLAWFULLY, executed a "SCHEME" to unlawfully "OBTAIN" "EXEMPT" "MONEYS," "UNDER

THE CUSTODY OF A FINANCIAL INSTITUTION", by means of "FALSE" or "FRAUDULENT

PRETENSES" which violation of 18 U. S. C. §1344(2).

145.   Thereafter, by letter dated April 10, 2003 to Defendant KANAS,

Via United States Certified Mail, Return Receipt Requested, Plaintiff gave Defendants

SOKOLOFF, and NORTH FORK BANK CORP., NOTICE that 4/8/03 HOLD, was UNLAWFUL, which

cited the following relevant statutory an case law, in pertinent part:

" Re:  CLAIMS FOR DAMAGES, pursuant to NORTH FORK BANK's, intentional violation of:

a)   N.Y.S. INSURANCE LAW, Art. 32, § 3212(c)(1)
b)   Rehabilitation Act, of 1973, 29 U.S.C. 2201,
c)   Americans with Disabilities Act, (ADA), 42 U.S.C. §12101, et.. seq.,
d)   Racketeer Influenced & Corrupt Organizations Act, 18 USC.
     §§1961-1968 et.. Seq.,

NORTH FORK BANK, CHECKING ACCOUNT #1626-0768-61, (UNLAWFUL HOLD put on
Account #1626-0768-61 totally funded by ALLSTATE Disability Check #03599869,
disability check deposit) UNLAWFUL HOLD was effective 4/8/03, and made the one day
following prior personal Notice to NORTH FORK BANK, (Hampton Bays Branch, Anna M.
Zanieski, Client Service Representative,) that all funds in ACCOUNT #1626-0768-61,
consisting of ALLSTATE Disability Check #03599869, were and continue to be exempt
from execution, pursuant to N.Y.S. INSURANCE LAW, Art. 32, § 3212(c)(1) - - -(which,

parenthetically in and of itself was a fraudulent execution, in the nature of Racketeering, with predicate acts of mail fraud, as attempted by creditor & creditor's attorney).

**RELEVANT CASE LAW**
Associated Indemnity Corp. v. Chais, 293 NYS 280, (1936) *App Dismd,* 274 NY 599
Buffum v. Forster, (1894), 28 NYS 285
Cole v. Goldberger, Pederson & Hochron, 410 NYS 2d 950, 1978.
First National Bank of Loisville, v. Lustig, 727 F.Supp 276 (ED La. 1989)
Frost v. Mott, (1866) 34 NY 253
Hartman v. Wood, (1901), 57 AD 23, 67 NYS 1046
Household Finance v. Chase Manhattan Bank, (1977) 397 NYS 2d 564
P.G.A. v. Martin, (2001), 532 U.S. 661, 121 S. Ct. 1879
U. S. v. Gianoveli, 945 F. 2d 479 491 (2d Cir. 1991)"

146.   By letter dated April 10, 2003 to Defendant NORTH FORK, Plaintiff gave Defendant NORTH FORK, more than ADEQUATE and DUE NOTICE of its unlawful acts, relevant to Defendants KNOWING, WILLFUL, INTENTIONAL, RECKLESS HOLD.

147.   Thereafter, Defendant NORTH FORK BANK & TRUST, using the United States Postal Service, by stamped enveloped addressed to Plaintiff, and dated April 28, 2003, - - - KNOWINGLY, WILLFULLY, INTENTIONALLY AND WITH RECKLESS DISREGARD FOR THE TRUTH and the LAW caused Defendant NORTH FORK BANK & TRUST/NORTH FORK BANK CORP., to not respond to Plaintiff's 4/10/03 NOTICE of UNLAWFUL RESTRAINT, and HOLD but instead Defendant  NORTH FORK caused ROSE ANNE to use the United States Postal Service to Mail Plaintiff a communication dated 4/28/03,  which UNLAWFULLY CONTINUED the UNLAWFUL HOLD, on Plaintiff's NORTH FORK BANK & TRUST Account #1626-0786-61.

148.   Significantly, the 4/8/03 SOKOLOFF/NORTH FORK UNLAWFUL HOLD was not grounded upon the LAW or upon a COURT ORDER, but was only grounded upon the FRAUDULENT SECOND SOKOLOFF/NORTH FORK RESTRAINING ORDER, (Exhibit DDD), a true copy of which was enclosed and mailed in the Defendant NORTH FORK BANK  & TRUST, using the United States Postal Service, by stamped enveloped addressed to Plaintiff, and dated April 28, 2003.

149.   18 U. S. C. § 1341 says in pertinent part:

"Whoever, having devised or intending to devise any scheme or artifice
to defraud, or for obtaining money or property by means of false or
fraudulent pretenses, representations, or promises, or to sell, dispose of,
loan, exchange, alter or give away, supply or furnish or procure
for any unlawful use any counterfeit or spurious coin, obligation, security,
or other article, or anything represented or intimated or held out to be
such counterfeit or spurious article, for the purpose of executing such
scheme, or attempting to do so, places in any post office or authorized
depository for mail matter, any matter or thing whatever to be sent or
delivered by the postal service, or takes or receives there from, any
such matter or thing, whatever to be sent or delivered by the United
States Postal Service, or takes or receives therefrom, any such matter,
or thing or knowingly causes to be delivered by mail according to the
direction thereon, or at the place where it is directed to be delivered by
the person to whom it was addressed, any mater or such thing, shall be
fined not more than $1,000. or imprisoned not more than five years, or both.
If the violation affects a financial institution, such person shall be fined not
more than $1,000,000. or imprisoned not more that 30 years or both."

150.   Defendant NORTH FORK BANK & TRUST/NORTH FORK BANK

CORP., KNOWINGLY, WILLINGLY, INTENTIONALLY, and RECKLESSLY, executed a "SCHEME" to

unlawfully "obtain" EXEMPT "moneys," under the custody of a FINANCIAL INSTITUTION", by

means of FALSE or FRAUDULENT PRETENSES" which is a violation of 18 U. S. C. § 1344(2).

151.   As part of Defendants pattern of Racketeering, by and through

Defendants and NORTH FORK BANK & TRUST/NORTH FORK BANK CORP., use of the

United States Postal Service, on April 28, 2003, in the furtherance of the SOKOLOFF

ENTERPRISE's ". . . scheme or artifice to defraud, and to obtaining money money and

property by means of false or fraudulent pretenses, representations, that Plaintiff's

ALLSTATE, NO-FAULT, LOSS-OF-TIME CHECK, was not "EXEMPT FROM EXECUTION" pursuant

to § 3212(c)(1), - - - Defendant and NORTH FORK BANK & TRUST/NORTH FORK BANK CORP.,

used the United States Postal Service to deliver a post paid envelope, to Plaintiff, which

contained a true copy of the SECOND FRAUDULENT SECOND SOKOLOFF/NORTH FORK

RESTRAINING ORDER, in violation of 18 U. S. C. § 1341 which, in also constituted an ABUSE

OF PROCESS and also constitutes single predicate RICO act pursuant to 18 U. S. C. 1961. - - -

31

and said RICO PREDICATE Act constitutes  NORTH FORK BANK & TRUST/NORTH FORK BANK

CORP.'s SECOND, of two or more RICO PREDICATE  Acts pursuant to 18 U. S. C. 1961, within

the past four years.

## COUNT VII - - - DEFENDANT SOKOLOFF's THIRD RICO PREDICATE ACT

152.   Plaintiff repeats and realleges each and every allegation numbered 1

through 151 above.

153.   Implicitly, Congress intended for the ADA statute to protect the rights of

all DISABLED, by the reasonable ADA accommodation of state and FINANCIAL INSTITUT-

IONAL enforcement of  §3212(c)(1), of the New York State Insurance Law , which, by

statute, with NO EXCEPTIONS, to protect LOSS OF TIME  INSURANCE PROCEEDS of the

disabled, such as Plaintiff's subject ALLSTATE LOSS OF TIME CHECK, which are on deposit

in banks situated within the State of New York.

154.   Implicitly, Congress intended for the RICO statute to FURTHER protect the

rights of the DISABLED, when DISABLED persons are DENIED - - -reasonable ADA

accommodation of state and FINANCIAL INSTITUTIONAL enforcement of  §3212(c)(1), of

the New York State Insurance Law , - - - resulting in DEFRAUDING a DISABLED persons out

of his NO-FAULT LOSS OF TIME  INSURANCE PROCEEDS, in contravention of §3212(c)(1), - - -

by a series of CONTINUING PREDICATE ACTs, which form a RICO PATTERN OF RACKETEERING.

155.   The SOKOLOFF ENTERPRISE's & NORTH FORK "FINANCIAL INSTITUTION"

Defendant, had a duty, a fiduciary duty, in nature of CONSTRUCTIVE TRUST,

to safeguard Plaintiff's unlawfully RESTRAINED funds- - - and said fiduciary duty in the

nature of CONSTRUCTIVE TRUST, began, at the latest- - -subsequent to Plaintiff's

and 4/10/03 NOTICE of unlawful RESTRAINT of EXEMPT FUNDS, and SOKOLOFF Defendants &

FINANCIAL INSTITUTION" Defendant, by intentional fraud, and/or reckless indifference to

the truth, breached their fiduciary duty to Plaintiff under the following statutes:

     a)    New York State INSURANCE LAW, Art. 32, § 3212(c)(1)
     b)    Rehabilitation Act of 1973, 29 U.S.C. 2201,
     c)    Americans with Disabilities Act, (ADA), 42 U.S.C. §12101, et.. seq.,

d)    Racketeer Influenced & Corrupt Organizations Act, 18 USC.
        §§1961-1968 et.. Seq.,

and accordingly, the record clearly reflects that subsequent to Plaintiff's NOTICE(s)

the SOKOLOFF ENTERPRISE's Defendants, including FINANCIAL INSTITUTION Defendant

NORTH FORK by "INTENTIONAL FRAUD" & "RECKLESS INDIFFERENCE TO THE TRUTH", violated

18 U. S. C. §§1341 §1346(2), §1512(b), §1951(a)(b)(2), and §656.

156.   18 U. S. C. §1951(a)(b)(2) says in pertinent part:

"(a)  Whoever in any way or degree obstructs, delays, or affects
commerce or the movement of any article or commodity in commerce,
by robbery or "EXTORTION" or attempts or conspires to do so, or commits
or threatens physical violence to any person or property in furtherance
of a plan or purpose to do anything in violation of this section shall be
fined under this title or imprisoned not more than twenty years or both.

(b)  As used in this section- - -"

". . . (2) The term "EXTORTION" means the obtaining of property from
another, with his consent, induced by wrongful use of actual or
threatened force violence or FEAR, or UNDER COLOR OF OFFICIAL RIGHT"

157.   On April 10, 2003, Defendant NORTH FORK gave Plaintiff NOTICE

that Defendant NORTH FORK  BANK was served with the SOKOLOFF/NORTH FORK

RESTRAINING NOTICE, by Defendant RICHARD SOKOLOFF, ESQ., naming as Respondent:

NORTH FORK  BANK
9022 Route 25
Mattituck, N. Y., 11795

158.   The SOKOLOFF/NORTH FORK RESTRAINING NOTICE, (Exhibit L) is in direct

violation of New York State  Insurance Law §3212(c)(1), which says in pertinent part:

" (c)(1) No money or other benefits payable or allowable
under any policy of insurance against disability arising
from accidental injury or bodily infirmity or ailment of
the person insured, shall be liable to execution for the
purpose of satisfying any debt or liability of he insured,
whether incurred before or after the commencement of
the disability, except as provided by subsection (c) hereof."

159.   Plaintiff has a history of being engaged in interstate commerce, as the owner of two documented Commercial Fishing Vessels, (See: <u>Flaherty v. NMFS</u>, 697, 127, (1988, EDNY), and is the holder of a New York State Class "H" Livery Drivers License.

160.   The SOKOLOFF/FLEET RESTRAINING NOTICE, has obstructed, delayed, & adversely affected Commerce, by <u>EXTORTION</u>, UNDER <u>COLOR OF OFFICIAL RIGHT</u>.

161.   By his <u>EXTORTION</u>, of Plaintiff, UNDER <u>COLOR OF OFFICIAL RIGHT</u> Defendant SOKOLOFF violated 18 U. S. C. § 1951(a)(b)(2) which was Defendant SOKOLOFF's <u>THIRD</u> of <u>two</u> or <u>more</u> RICO Racketeering <u>PREDICATE</u> ACTs, within the past 4 years.

**COUNT VIII - - -<u>DEFENDANTS & NORTH FORK's THIRD RICO PREDICATE ACT</u>**
162.   Plaintiff repeats and realleges each and every allegation numbered 1 through 161 above.

163.   Implicitly, Congress intended for the RICO statute to protect the rights of the DISABLED, by creating a vehicle for CIVIL ENFORCEMENT of reasonable ADA accom- modation of state and FINANCIAL INSTITUTIONAL enforcement of § 3212(c)(1), of the <u>New York State Insurance Law</u>, which, by statute, with <u>NO EXCEPTIONS</u>, in order to protect the fragile, handicapped, DISABLED, from their meager LOSS OF TIME  INSURANCE PROCEEDS [such as Plaintiff's subject ALLSTATE <u>LOSS OF TIME CHECK</u>, , which are on deposit in banks situated within the State of New York.

164.   The SOKOLOFF ENTERPRISE's FLEET & NORTH FORK "<u>FINANCIAL INSTITUTIONS</u>" Defendants, had a duty, a fiduciary duty, in nature of CONSTRUCTIVE TRUST, to safeguard Plaintiff's unlawfully RESTRAINED funds- - - and said fiduciary duty in the nature of CONSTRUCTIVE TRUST, began, at the latest- - -subsequent to Plaintiff's and 4/10/03 NOTICE of unlawful RESTRAINT of EXEMPT FUNDS, <u>FINANCIAL INSTITUTIONS</u>" Defendants, by intentional fraud, and/or reckless indifference to the truth, breached their fiduciary duty to Plaintiff under the following statutes:

a)   <u>New York State INSURANCE LAW</u>, Art. 32, § 3212(c)(1)

b)   <u>Rehabilitation Act of 1973</u>, 29 U.S.C. 2201,

c)   <u>Americans with Disabilities Act</u>, (ADA), 42 U.S.C. §12101, et. seq.,

d)   <u>Racketeer Influenced & Corrupt Organizations Act</u>, 18 USC. §§1961-1968 et.. Seq.,

and accordingly, the record clearly and indisputably reflects that subsequent to Plaintiff's NOTICE  the SOKOLOFF ENTERPRISE's Defendants, including Defendant <u>FINANCIAL INSTITUTIONS</u> and NORTH FORK by "<u>INTENTIONAL FRAUD</u>" or "<u>RECKLESS INDIFFERENCE TO THE TRUTH</u>", violated 18 U.S.C. §1346(2), 18 U.S.C. §1512(b), 18 U.S.C. §1951(a)(b)(2), 18 U.S.C. §656, and 18 U.S.C. §1341.

165.   18 U.S.C. §1951(a)(b)(2) says in pertinent part:

"(a)  Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or "<u>EXTORTION</u>" or attempts or conspires to do so, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years or both.

(b)  As used in this section- - -"

". . . (2) The term "EXTORTION" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force violence or <u>FEAR, or UNDER COLOR OF OFFICIAL RIGHT</u>"

166.   On April 8, 2003, Defendant NORTH FORK BANK gave NOTICE, to Plaintiff that NORTH FORK BANK had put an UNLAWFUL HOLD on Plaintiff's Account, Responsive to SOKOLOFF/NORTH FORK RESTRAINING NOTICE,  served upon:

NORTH FORK  BANK
9022 Route 25
Mattituck, N.Y., 11795

167.   The SOKOLOFF/NORTH FORK RESTRAINING NOTICE, ( is in direct violation of <u>New York State  Insurance Law</u> §3212(c)(1),which says in pertinent part:

" (c)(1) No money or other benefits payable or allowable under any policy of insurance against disability arising from accidental injury or bodily infirmity or ailment of the person insured, shall be liable to execution for the purpose of satisfying any debt or liability of he insured whether incurred before or after the commencement of the disability, except as provided by subsection (c) hereof."

168.   Plaintiff has a history of being engaged in interstate commerce, as the owner of two documented Commercial Fishing Vessels, (See: <u>Flaherty v. NMFS</u>, 697, 127, (1988, EDNY), and is the holder of a New York State Class "H" Livery Drivers License.

169.   SOKOLOFF/NORTH FORK RESTRAINING NOTICE, , obstructed delayed, & adversely affected Commerce, by <u>EXTORTION</u>, UNDER <u>COLOR OF OFFICIAL RIGHT</u>.

170.   By their <u>EXTORTION</u>, of Plaintiff, UNDER <u>COLOR OF OFFICIAL RIGHT</u>, Defendant & NORTH FORK violated 18 U. S. C. § 1951(a)(b)(2) and 18 USC §656, Misapplication of Bank Funds by Bank Officer which is Defendant NORTH FORK's <u>THIRD</u> of <u>two or more</u> RICO Racketeering <u>PREDICATE ACTs</u>, within the past 4 years. <u>more</u> RICO Racketeering <u>PREDICATE ACTs</u>, within the past 4 years.

## <u>COUNT IX</u> - - - DEFENDANT NORTH FORK's  FOURTH RICO PREDICATE ACT_
### <u>DEFENDANT NORTH FORK 's COLLECTION OF AN UNLAWFUL DEBT</u>

171.   Plaintiff repeats and realleges each and every allegation numbered 1 through 170 above.

172.   On April 8, 2003, Defendant NORTH FORK BANK gave NOTICE, to Plaintiff that NORTH FORK BANK had put an UNLAWFUL HOLD on Plaintiff's Account, responsive to SOKOLOFF/NORTH FORK RESTRAINING NOTICE,  served upon:

> NORTH FORK  BANK
> 9022 Route 25
> Mattituck, N. Y., 11795

173.   The SOKOLOFF/NORTH FORK RESTRAINING NOTICE, is in direct violation of <u>New York State  Insurance Law</u> § 3212(c)(1), which says in pertinent part:

> " (c)(1) No money or other benefits payable or allowable
> under any policy of insurance against disability arising
> from accidental injury or bodily infirmity or ailment of
> the person insured, shall be liable to execution for the
> purpose of satisfying any debt or liability of he insured,
> whether incurred before or after the commencement of
> the disability, except as provided by subsection (c) hereof."

174.   The  SOKOLOFF/NORTH FORK RESTRAINING NOTICE, is in direct violation of the <u>New York State  Insurance Law</u> §3212(c)(1) money by means of false or fraudulent pretenses, representations,. ." <u>AND IS UNLAWFUL.</u>

175.   On 4/10/03, Plaintiff gave Defendant NORTH FORK written NOTICE,  via United States Certified Mail, that Defendant's HOLD on Plaintiff's NORTH FORK BANK & TRUST ACCOUNT #1626-0786-61, was <u>UNLAWFUL.</u>

176.   Using the United States Postal Service, by envelope postmarked April 9, 2003, Defendant NORTH FORK BANK, gave Plaintiff written NOTICE, that:

> ". . . .a $100 legal Processing fee has been deducted from
> your account according to NFBs  schedule of fees. . ."

177.   The ". .  $100 legal Processing fee. . ." which Defendants KANAS & NORTH FORK BANK deducted from Plaintiff's Account #1626-0786-61, is a USURY, and is an UNLAW-FUL DEBT" in violation of 18 U. S. C. §1962(a), 18 U. S. C. §1962(b), 18 U. S. C. §1962(c).

178.   Defendant NORTH FORK's "COLLECTION OF UNLAWFUL DEBT", constitutes  Defendants NORTH FORK's <u>FOURTH</u> of <u>two</u> <u>or</u> <u>more</u> RICO Racketeering <u>PREDICATE ACTs</u>, within the past 4 years.

## <u>SOKOLOFF "ASSOCIATED-IN-FACT-ENTERPRISE" Includes NORTH FORK BANK</u>

179.   Plaintiff repeats and re-alleges each and every allegation 1 thru 176.

180.   The <u>SOKOLOFF</u>  <u>ENTERPRISE,</u> is an ASSOCIATED-IN-FACT ENTERPRISE comprised of  corporate FINANCIAL INSTITUTION entity, "PERSON" Defendant NORTH FORK BANK & TRUST, Defendant BROOKHAVEN ANESTHESIA ASSOCIATES, LLP, and Defendant SOKOLOFF, who is the LEADER, or <u>"CAPPO"</u> of the <u>SOKOLOFF</u> <u>ENTERPRISE</u> wit:

**<u>I</u>**   Defendant  RICHARD SOKOLOFF ESQ., individually and in his capacity as Attorney or BROOKHAVEN ANESTHESIA ASSOCIATES LLP., is the LEADER or CAPPO of the SOKOLOFF ASSOCIATED-IN-FACT ENTERPRISE

**<u>II</u>**   NORTH FORK BANK & TRUST/NORTH FORK BANK CORP, a. k. a. " THE NORTH FORK BANK ENTERPRISE"

**<u>III</u>**   BROOKHAVEN ANESTHESIA ASSOCIATES LLP

**The In-Fact-Enterprise and Plaintiff were Engaged in Interstate Commerce**

181.   During the relevant times, in its scheme to defraud Plaintiff the SOKOLOFF ENTERPRISE and its members were engaged in interstate commerce.

182.   All of the other Defendants, Plaintiff, and the SOKOLOFF ENTERPRISE, IN FACT ENTERPRISE engaged in interstate commerce.

**Defendants'Predicate Acts Reflect SOKOLOFF ENTERPRISE's Intent for Deception & Fraud**

183.   In connection with Defendants UNLAWFUL activities giving rise to this action, defendants acted with malice, insult, intent and knowledge and wanton disregard of the rights of Plaintiff JAMES E. FLAHERTY.

184.   During the relevant times, in connection with activities giving rise to this action, the SOKOLOFF ENTERPRISE and its members had the common goal to illegally and fraudulently profit from a scheme to defraud Plaintiff out of his lawful NO-FAULT LOSS OF TIME monthly income, and injure Plaintiff in his person, business and property, by UNLAWFULLY RESTRAINING Plaintiff's No Fault-PIP benefits, as reflected by the he in-fact-ENTERPRISE's following illegal, unlawful profit motives:

a)   The SOKOLOFF ENTERPRISE's illegal profit motive, through its PATTERN OF RACKETEERING is to UNLAWFULLY create large volume of legal contingency fees from recovery of inflated LEGAL COLLECTION BILLINGS, such as Anesthesia billings from Plaintiff and others.

b)   The ILLEGAL MOTIVES of the subordinate NORTH FORK ENTERPRISE's scheme to defraud Plaintiff, was to UNLAWFULLY facilitate Defendants' NORTH FORK's CONTINUING pattern of racketeering, - - - in which Defendant NORTH FORK BANK unlawfully recovers a substantial volume of  UNLAWFUL $100.00  RESTRAINT PROCESSING charges, - - -from FUNDS which are BY  LAW, are EXEMPT  FROM  EXECUTION  OR ATTACHMENT, pursuant  to §3212(c)(1) of the New York State Insurance Law.

185.   The UNLAWFUL $100.00 charges by Defendant NORTH FORK, constitute RICO VIOLATIONS, of 18 U. S. C., to wit: - - § 1962, (Collection of Unlawful Debt), § 1951, (Extortion), § 1344(2), (Bank Fraud).

186.   During Relevant times, as a part of the scheme to defraud Plaintiff out of his lawful No-Fault PIP disability benefits, Defendant SOKOLOFF in his Affirmation In Opposition to the State Court, committed a perjury, by falsely stating that Plaintiff stole Insurance Money designated for Defendant SOKOLOFF's client, which by information and belief, had the effect of persuading the state Judge to unlawfully uphold the continued RESTRAINT of Plaintiff's EXEMPT FUNDS.

## COUNT X

## SOKOLOFF ENTERPRISE'S PATTERN OF BANK FRAUD RACKETEERING IS CONTINUING

187.   Plaintiff repeats and realleges each and every allegation numbered 1 through 186 above.

188.   Records maintained by:

    a)   Defendant SOKOLOFF,

    b)   Defendant NORTH FORK BANK AN TRUST,

    c)   the UNITED STATES SOCIAL SECURITY ADMINISTRATION, and

    d)   Third District Court of the County of Suffolk, Huntington Civil Part,

including, Plaintiff's State Court Action, - - - Brookhaven Anesthesia Associates LLP. v. Flaherty, - - - clearly and indisputably show that The SOKOLOFF ENTERPRISE's Defendant's INSURANCE FRAUD [§ 3212(c)(1) Ins. Law], and BANK FRAUD, [18 U. S. C. 1344(2)], is CONTINUING, and continues to pose an ILLEGAL, UNCONSTITUTIONAL, CRIMINAL threat to ALL DISABLED PERSONS, in CLEAR and CONTINUED STATE violation of the New York State Insurance Law, and , in CLEAR and CONTINUED FEDERAL violation of the RICO statute and the United States Americans with Disabilities Act.

**COUNT XI- - -  DEFENDANT SOKOLOFF's PATTERN OF RACKETEERING INJURED
PLAINTIFF IN HIS BUSINESS AND PROPERTY**

189.  Plaintiff repeats and re-alleges each and every allegation 1 thru 188.

190.  Defendant SOKOLOFF, is the person through the Commission of Two or
more PREDICATE acts of Racketeering including at least seven, (7) Predicate Acts which were
commited by the SOKOLOFF ENTERPRISE which includes Defendant NORTH FORK BANK &
TRUST, and the SOKLOFF  ENTERPRISE engaged in unlawful RICO Predicate Acts as which are
identified, and enumerated at COUNTs and pages in this Complaint as set forth below at:

COUNT III - (Page 22),

COUNT IV - (Page 24),

COUNT V - (Page 25),

COUNT VI - (Page 29),

COUNT VII - (Page 32)

COUNT VIII - (Page 34), and

COUNT IX - (Page 36)

as summarized at Appendix A of this COMPLAINT, which constitute a "PATTERN" of
"RACKETEERING ACTIVITY", directly or indirectly invests in, or maintains an interest in, or
COMPLAINT participates in an "ENTERPRISE", the activities of which adversely AFFECT
"INTERSTATE COMMERCE" and Plaintiff was "INJURED IN HIS BUSINESS AND PROPERTY", BY
REASON OF DEFENDANT SOKOLOFF'S VIOLATION(S) OF 18 U. S. C. §1962,  by reason of which
damaged in his IN HIS BUSINESS AND PROPERTY in the amount of $9,000,000.00.

**NECESSARY AMERICANS WITH DISABILITIES ACTS, (ADA),  &  RHA ALLEGATIONS**

**COUNT XII - - -  ALLEGATIONS ALLEGING THAT DEFENDANTS KANAS & NORTH
FORK BANK VIOLATED THE ADA**

191.  Plaintiff repeats and re-alleges each and every allegation 1 thru 190.

192.  Plaintiff is a handicapped person, within the meaning of the ADA.

193.  Def. NORTH FORK BANK is "PLACE OF PUBLIC ACCOMMODATION," (ADA).

194.  By Written Communication to Defendant NORTH FORK BANK & TRUST via <u>United States Certified Mail, Return Receipt Requested</u>, - - Plaintiff Requested that Defendant NORTH FORK BANK, provide the "REASONABLE ACCOMMODATION", of Plaintiff's Special Needs, of lawfully complying with the STATUTORY MANDATE, - - - at §3212(c)(1) of the New York State Insurance Law, - - -which <u>BY LAW</u> - - - "EXEMPTS" - - - Plaintiff's ALLSTATE, NO-FAULT, LOSS OF TIME FUNDS, - - - "<u>FROM EXECUTION</u>," which mandates that Defendant and NORTH FORK BANK & TRUST, FORTHWITH release to Plaintiff's custody, Plaintiff's ALLSTATE NO-FAULT LOSS-OF-TIME FUNDS which were on Deposit in Plaintiff's NORTH FORK BANK Account #1626-0786-61 & UNLAWFULLY RESTRAINED by Defendants.

195.  Defendant NORTH FORK BANK, unlawfully denied Plaintiff's request for the "REASONABLE ACCOMMODATION" that Defendants comply with the Statutory mandate of the New York State Insurance law, which EXEMPTS Plaintiff's ALL-STATE, NO-FAULT LOSS-OF-TIME, BENEFITS FROM EXECUTION, thereby violating the ADA.

## COUNT XIII - - - ALLEGATIONS ALLEGING THAT DEFENDANTS  BROOKHAVEN ANESTHESIA ASSOCIATES, VIOLATED THE ADA

196.  Plaintiff repeats and re-alleges each and every allegation 1 thru 197.

197.  Plaintiff is a handicapped person, within the meaning of the ADA.

198.  Defendant BROOKHAVEN ANESTHESIA ASSOCIATES LLP., is a "PLACE OF PUBLIC ACCOMMODATION" within the meaning of the ADA.

199.  By Written Communications to BROOKHAVEN ANESTHESIA ASSOCIATES LLP., via <u>United States Certified Mail, Return Receipt Requested</u> Plaintiff FLAHERTY Requested that Defendant BROOKHAVEN ANESTHESIA ASSOCIATES LLP., provide the "REASONABLE ACCOMMODATION", of Plaintiff's "SPECIAL NEEDS" by lawfully complying with the STATUTORY MANDATE, - - - at §3212(c)(1) of the New York State Insurance Law, - - - which <u>BY LAW</u> - - - "EXEMPTS" - - - Plaintiff's ALLSTATE, NO-FAULT, LOSS OF TIME FUNDS, - - - "<u>FROM EXECUTION</u>," which mandates that Defendant BROOKHAVEN ANESTHESIA ASSOCIATES LLP., FORTHWITH release to Plaintiff's custody, Plaintiff's ALLSTATE NO-

FAULT LOSS-OF-TIME FUNDS which were on Deposit in Plaintiff's FLEET NATIONAL BANK

Account #9440729197 and Plaintiff's NORTH FORK BANK Account #1626-0786-61 which

was UNLAWFULLY RESTRAINED by Defendant SOKOLOFF, in his capacity as attorney for

BROOKHAVEN ANESTHESIA ASSOCIATES LLP..

    200.   Defendant BROOKHAVEN ANESTHESIA ASSOCIATES LLP. unlawfully

denied Plaintiff's Request for the "REASONABLE ACCOMMODATION" that Defendants comply

with the Statutory mandate of the New York State Insurance law, which EXEMPTS Plaintiff's

ALLSTATE, NO-FAULT LOSS OF TIME, BENEFITS FROM EXECUTION, thereby violating the ADA.

**COUNT XIV - - -  DEFENDANT BROOKHAVEN ANESTHESIA ASSOCIATES, LLP
ENTERED INTO A CONSPIRACY WITH THE SOKOLOFF ENTERPRISE
CALCULATED TO FACILITATE A PATTERN OF RACKETEERING THE
OBJECT OF WHICH WAS TO INJURE PLAINTIFF IN HIS BUSINESS &
PROPERTY**

    201.   Plaintiff repeats and re-alleges each and every allegation 1 thru 200.

    203.   Defendant BROOKHAVEN ANESTHESIA ASSOCIATES, LLP, is a person who

conspired with the SOKOLOFF ENTERPRISE, the object of which conspiracy was to violate 18

U.S.C. §1962 by and through the Commission of Two or more PREDICATE ACTS of

Racketeering to defraud Plaintiff out of his NO-FAULT disability income. including, but not

limited to Plaintiff's ALLSTATE loss of time check, in the amount of $2080.32.

    204.   Overt acts taken in the furtherence of the conspiracy damaged Plaintiff

FLAHERTY in the amount of $9,000,000.00 and include seven, (7) Predicate Acts identified,

and enumerated at COUNTs and pages in this Complaint as set forth below at:

    COUNT III - (Page 22),

    COUNT IV - (Page 24),

    COUNT V - (Page 25),

    COUNT VI - (Page 29),

    COUNT VII - (Page 32)

    COUNT VIII - (Page 34), and

    COUNT IX - (Page 36)

of this COMPLAINT, which constitute a "PATTERN" of "RACKETEERING ACTIVITY", directly or indirectly invests in, or maintains an interest in, or participates in an "ENTERPRISE", the activities of which adversely AFFECT "INTERSTATE COMMERCE".

205.   The PERIOD OF THE CONSPIRACY was from in or about, April, 2003, and is continuing.

206.   By information and belief, the agreement to comit the conspiracy is couched in a retainer agreement between Defendant SOKOLOFF and Defendant BROOKHAVEN ANESTHESIA ASSOCIATES, LLP.

207.   Plaintiff was "INJURED IN HIS BUSINESS AND PROPERTY", by reason of the BROOKHAVEN ANESTHESIA ASSOCIATES, LLP, acts of conspiracy with the SOKOLOFF ENTERPRISE by reason of the SOKOLOFF ENTERPRISE's VIOLATION(S) OF 18 U. S. C. §1962, including the COLLECTION OF AN UNLAWFUL DEBT, incontravention of Article 32, §3212(c)(1) of the New York State Insurance Law, by reason of which damaged in his IN HIS BUSINESS AND PROPERTY in the amount of $9,00,000.00.

**COUNT XV - - - AGAINST ALL DEFENDANTS, GREAT MENTAL AGUISH,**

208.   On September 25, 2003 Defendants COSTELLO MARINE, JOHN COSTELLO, and J. COSTELLO, CRANE OPERATOR, breached their duty under CPLR 5519(4) & DESTROYED, Plaintiff's vessel, F/V SHANNON KATHLEEN, in contravention of Judge HENRY's EX PARTE ORDER, dated 12/17/02, (Exhibit B), and Judge MOLIA ORDER dated 2/27/03, (Exhibit C), and DEFENDANTS damaged plaintiff damaged and DESTROYED WITHOUT without prior notice, defendant FLAHERTY's fishing vessel, F/V SHANNON KATHLEEN and the undersigned Plaintiff sufffered injury, personsal injuries to his person, in his BUSINESS, PROPERTY and PERSON, and as a consequence of and through Defendants' unlawful acts, Plaintiff FLAHERTY suffered great mental anguish, and Plaintiff FLAHERTY was damaged in the amount of $9,000,000.00.

**WHEREFORE, Plaintiff respectfully requests that the United States District Court grant Plaintiff the following Monetary**

relief, and Injunctive relief, if necessary, against Defendants:

I.   **MONETARY RELEIF**: - - - **AGAINST COSTELLO DEFENDANTS** - - - **COUNT I**

That the U. S. District  Court grant Plaintiff FLAHERTY monetary damages in the amount of $3,000,000.00 relevant to COUNT I of this Complaint against Defendants:

a)   COSTELLO MARINE CONTRACTING CORP, d. b. at 425 5th St., Greenport N. Y,11944

b)   JOHN COSTELLO, individually, and in his capacity as officer and employee of COSTELLO MARINE CONTRACTING CORP, d. b. at 425 5th St, Greenport N. Y. ,11944

c)   JAMES COSTELLO JOHN COSTELLO, individually, and as CRANE OPERATOR & employee of COSTELLO MARINE CONRACTING CORP, d. b. at 425 5th St, Greenport N. Y. ,11944

II.   **MONETARY RELEIF**: - - - **AGAINST DEFENDANT PARTY CONCEPTS** - - - **COUNT II**

That the U. S. District  Court grant Plaintiff FLAHERTY monetary damages in the amount of $3,000,000.00 relevant to COUNT II, BREACH OF CONTRACT, of this Complaint against Defendant PARTY CONCEPTS

III. **MONETARY RELEIF**: - **AGAINST SOKOLOFF ENTERPRISE DEFENDANTS - COUNT III**

That the U. S. District  Court grant Plaintiff FLAHERTY monetary damages in the amount of $9,000,000.00 relevant to COUNT IX for SOKOLOFF ENTERPRISE DEFENDANTs RICHARD SOKOLOFF ESQ., individually and in his capacity as Attorney for BROOKHAVEN ANESTHESIA ASSOCIATES LLP., BROOKHAVEN  ANESTHESIA ASSOCIATES LLP NORTH FORK BANK & TRUST/NORTH FORK BANK CORP, for seven, (7) RICO PREDICATE ACTS which are enunciated in this Complaint at

COUNT III - (Page 22),

COUNT IV - (Page 24),

COUNT V - (Page 25),

COUNT VI - (Page 29),

COUNT VII - (Page 32)

COUNT VIII - (Page 34), and

COUNT IX - (Page 36)

**IV.** <u>MONETARY RELEIF</u>: - **<u>AGAINST SOKOLOFF ENTERPRISE DEFENDANT – COUNT XIV</u>**

That the U. S. District Court grant Plaintiff FLAHERTY monetary damages in the amount of $9,000,000.00 relevant to <u>COUNT XIV</u> for SOKOLOFF ENTERPRISE DEFENDANTs RICHARD SOKOLOFF ESQ., individually and in his capacity as Attorney for BROOKHAVEN ANESTHESIA ASSOCIATES LLP., BROOKHAVEN ANESTHESIA ASSOCIATES LLP NORTH FORK BANK & TRUST/NORTH FORK BANK CORP, for seven, (7) RICO PREDICATE ACTS which are enunciated in this Complaint at

<u>COUNT III</u> - (<u>Page 22</u>),

<u>COUNT IV</u> - (<u>Page 24</u>),

<u>COUNT V</u> - (<u>Page 25</u>),

<u>COUNT VI</u> - (<u>Page 29</u>),

<u>COUNT VII</u> - (<u>Page 32</u>)

<u>COUNT VIII</u> - (<u>Page 34</u>), and

<u>COUNT IX</u> - (<u>Page 36</u>)

**V.** <u>MONETARY RELEIF</u>: - **<u>AGAINST ALL DEFENDANTS – - - COUNT XIV</u>**

That the U. S. District Court grant Plaintiff FLAHERTY monetary damages in the amount of $9,000,000.00 relevant to <u>COUNT XV</u>, against all Defendants, for the great mental anguish which was suffered by Plaintiff FLAHERTY, as a consequence of all defendant's negligent and intentional acts due to which Plaintiff suffered great mental anguish.

**VI.** **<u>INJUNCTIVE RELIEF</u> and/or POST BOND, to Benifit SBA**

That the United States District Court, SUBSEQUENT TO HEARING, issue direct defendants to post a bond, during the pendancy of this action, equivalent to the sum total amount owing of Plaintiff FLAHERTY's United States Small Business Administration, (SBA), Disaster Loan which was issued to Plaintiff JAMES E. FLAHERTY, d. b. a. F/V SHANNON KATHLEEN, or alternatively, issue a TEMPORARY INJUNCTION which restains Plaintiff USA from foreclosing on Plaintiff JAMES E. FLAHERTY's vessels or collateral, during the pendancy of this action.

and for such other and further relief as to this court seems just,

proper and equitable.

James E. Flaherty, Plaintiff
Appearing Pro-Se,
P. O. Box 257
Riverhead, N. Y., 11901
(631) 728-9212

3 /st day of October, 2003
Sworn to before me this

_Noreen A. McCulley_
NOTARY

NOREEN A. McCULLEY
Notary Public, State of New York
No. 4940046
Qualified in Suffolk County
Term Expires: August 1, 20 06

**To:**

**COSTELLO MARINE CONTRACTING CORP**, 425 5th St, Greenport N. Y. 11944

**JOHN COSTELLO,** individually, and in his capacity as officer and employee of COSTELLO MARINE CONTRACTING CORP, d. b. at 425 5th St, Greenport N. Y., 11944

**JAMES COSTELLO,** individually, and as CRANE OPERATOR & employee of COSTELLO MARINE CONRACTING CORP, 425 5th St, Greenport N. Y., 11944

**BROOKHAVEN ANESTHESIA ASSOCIATES LLP.**
286 Patchogue-Yapank Road,
Patchogue, N. Y., 11772

**RICHARD SOKOLOFF ESQ., individually and in his capacity as**
     **Attorney for BROOKHAVEN ANESTHESIA ASSOCIATES LLP.**
28 Lincoln Street,
Riverhead, New York, 11901,

**NORTH FORK BANK & TRUST/NORTH FORK BANK CORP, a. k. a.**
     **"THE NORTH FORK BANK ENTERPRISE"**
46 Windmill Lane
Southampton, New York, 11968
or any other NORTH FORK BANK & TRUST/NORTH FORK BANK CORP Branch business office, within the Eastern District of New York,

**PARTY CONCEPTS, in its official capacity as EEOC administrative**
     **Respondent, to Plaintiff's EEOC Charge #160A301422**
Tanger Mall
1770 W. Main Street, #1016,
Riverhead, N. Y. 11901.

# SEE COURT FILES FOR

# EXHIBIT(S)